·Cleghorn, administrator, *v.* Scott, executor, *et al.*

1. Under the provisions of the will, a son of the testator who survived him two years was entitled to share in all the dividends from the testator's railroad stock which accrued up to the death of the widow. The death of the son did not terminate his legal title to the dividends which were to accrue thereafter.

2. As to the *corpus* of the stock, the distributees contemplated by the testator were his own children who might be in life at the death of his widow, and the children of those who might then be deceased, the child of any deceased child representing its parent.

January 14, 1891. By two Justices.

Wills. Estates. Title. Construction. Before Judge Maddox. Chattooga superior court. March term, 1890.

Petition of the executors of James Scott for direction, to which the children and the administrator of Dunlap Scott, son of the testator, were defendants. The testator died in 1872; Dunlap Scott died in 1874, leaving a wife and three children. The testator's widow died in 1889, and thereupon the executors sold the railroad stock referred to in the will, the material items of which are quoted in the opinion. As to one sixth of the fund arising from the sale of the stock and from the dividends, this being the share which under the will goes either to the estate of Dunlap Scott, or to his children in life at the death of the testator's widow, the executors were in doubt, the children claiming that it should go directly to them, and the administrator claiming that it should be paid to him to be administered. The court held that the children by representation took the same share of the dividends as they accrued, and, upon the death of the testator's widow, the same share of the stock or its proceeds, which Dunlap Scott would have taken had he lived; and that his estate was entitled to no share in the stock or its proceeds, nor in any dividends which accrued after his death.

W. M. Henry, by T. W. Alexander, for plaintiff in error.

REECE & DENNY, C. N. FEATHERSTON, J. F. HILLYER and J. D. TAYLOR, *contra.*

BLECKLEY, Chief Justice.

The two questions are, first, what disposition did the testator make of the dividends upon his railroad stock which accrued between the period of his own death and the death of his widow? secondly, what disposition did he make of the *corpus* of the stock?

1. There is no dispute that by the second item of the will the widow took $250.00 annually during her life out of the profits or income accruing from the railroad stock. What was to be done with the balance? To answer the question the eighth and ninth items of the will are to be read together. The eighth item is as follows:

"My stock in Georgia Railroad and Banking Company I desire shall not be divided until the death of my wife, except the dividends or income arising therefrom, which, after carrying out the provisions specified in the second item of this, my will, I wish to be divided and distributed as hereinafter designated."

. Then comes the ninth item, which contains the designation referred to. It is in these words:

"All my other property, real and personal, of every description, I desire shall be sold and distributed share and share alike between my children then living and the child or children then living of any of my children who are dead or who may die before my death, so that the child or children of each of my three deceased children shall take the same that would have gone to their deceased parents had they survived me. At the death of my wife I desire that there shall be a division, of all my Georgia Railroad and Banking Company stock on the same principle as last provided."

Nowhere else in the will has the testator provided for any distribution of the general body of his estate or named the persons to whom it is to be distributed. We are safe in concluding that he intended the surplus

income from his railroad stock to go to the same persons who were appointed to receive the proceeds of his general property, and these persons were ascertained when the time arrived for making the first distribution. Testator's son, Dunlap Scott, survived his father two years and so was one of the distributees entitled to participate in the first distribution. This being so, he was certainly entitled to share in the dividends of the railroad stock with the other living children of the testator. His title to an equal share in the dividends having vested, did not become divested by his death before some of the dividends were realized. The will contemplates only two divisions, one to be made at the testator's death or so soon thereafter as practicable, and the other at the death of his widow. Those who were to take at the first division were to take everything he left not otherwise specifically disposed of, except the *corpus* of the railroad stock. It is manifest that the dividends were not to be retained by the executors until the persons entitled to take the *corpus* of the stock were ascertained. There is no hint of such a purpose anywhere in the will.

2. There is some doubt whether the *corpus* of the stock was not intended to go to the same persons who shared in the body of the estate, but it is perhaps the sounder construction to hold, as did the court below, that the words "on the same principle as last provided" indicate that children were to be substituted for parents who might be deceased at the time the stock was to be divided, to wit, at the death of the testator's widow. This construction we are inclined to believe is the true one, and we endorse the adoption of it by the court below. The result is that the judgment is affirmed as to the *corpus* of the stock, but reversed as to the dividends or income.