# WHEELING

## COBERLY v. EARLE.

Submitted February 27, 1906. Decided June 13, 1906.

1.   WILLS—*Construction—Undevised Real Estate.*

    Where a will disposes of all the personal estate of the testator, and specifically devises a single parcel of real estate to one of his heirs and makes no mention whatever of several other parcels owned by him, a strong presumption arises that he intended such other parcels to descend under the statute. (p. 304.)

2.  SAME—*Presumptions.*
    While it is possible for a testator to dispose of property not by any
    formal disposition in his will but by necessary implication from
    his will, taken as a whole, yet the presumption is very strong
    against his having intended any devise or bequest which is not set
    forth in his will.  (p. 302.)

8.  SAME—*Necessary Implication.*
    By necessary implication in such case, is meant so strong a
    probability of intention, that an intention contrary to that, which
    is imputed to the testator, cannot be supposed.  (p. 303.)

4.  SAME—*Construction.*
    A will cannot be construed on mere conjecture as to the intention
    of the testator.  (p. 305.)

Appeal from Circuit Court, Randolph County.

Action by Jesse C. Coberly against Lummie Earle and
others.   Decree for plaintiff, and defendant Earle appeals.

*Modified and Affirmed.*

W. B. MAXWELL, for appellant.

HARDING & HARDING and DAILEY & BOWERS, for appel-
lees.

McWHORTER, PRESIDENT:

On the 29th of January, 1904, the last will and testament
of W. H. Coberly was admitted to probate in the clerk's
office of the county court of Randolph county, which will
bears date January 7, 1903, and is as follows: "I, W. H.
Coberly of the town of Elkins, Randolph County, W. Va.,
make this my last Will and Testament, hereby revoking all
former Wills by me made, and direct the payment of my just
debts; I give, devise and bequeath to my daughter, Lummie
Earle the corner lot known as the Stable Lot on Buffalo
Street and Pike Street, in the town of Elkins, Randolph
County, W. Va., and she is to be my administratrix, with-
out bond.   I give, devise and bequeath to, Charles H. Earle
One Thousand Dollars ($1000.00.)    Della A. Earle One
Thousand Dollars ($1000.00.)  Pearl Earle One Thousand Dol-
lars ($1000.00.) Ruth Earle, One Thousand Dollars ($1,000.-
00.) and the said Lummie Earle is to sell and dispose of my
personal property and after paying her for her trouble she
can dispose as she thinks best, I have payed my son Jesse C.

Coberly his portion to him and his children in money and land."

At the September rules, 1904, Jesse C. Coberly filed his bill in equity in the circuit court of Randolph county against Lummie Earle, Charley Earle, Della Earle, Pearle Earle and Ruth Earle, alleging that his father Wm. H. Coberly departed this life on the 27th day of January, 1904, testate as to all personal property and a small part of his real estate, leaving plaintiff and his sister the defendant Lummie Earle, who were his only children living or dead, surviving him as his only heirs at law; that on the 17th day of December, 1901, the decedent conveyed to the said Lummie Earle a tract of 250 acres of land on Shaver's Mountain in said county retaining the use thereof during his natural life, and on the 27th day of the same month he conveyed to plaintiff for life with remainder to his children 150 acres of land adjoining said 250 acres tract; that the ostensible consideration for each of said deeds was love and affection of the grantor for the grantees therein respectively, and to make said conveyances by way of advancements to said parties therein named; but that plaintiff had more than paid for the 150 acres so conveyed to him in work and labor done and performed for his father after plaintiff's majority; that at the time of said conveyances the said 250 acres was worth at least three times as much as the 150 acres tract, having been rendered so by the toil and labor of the plaintiff and his children; that the reversionary interests of the plaintiff's children in said 150 acres tract of land respectively would be of much less value than the respective legacies of the four children of the defendant Lummie Earle left by the said will; that no advancement of any kind was ever made by Wm. H. Coberly to plaintiff except that supposed to have been made by the transfer of the said 150 acres of land; that at the time of his death William H. Coberly was the owner of a lot in the village of Alpena on said Shaver's Mountain and six valuable lots described in the bill in the City of Elkins on some of which were good dwelling houses, that at the time of his death said Coberly was the owner of a large amount of personal property, notes, bonds and moneys the value of which was much more than sufficient to pay off and discharge all the legacies named in said will and all the debts against said estate; that

said legacies had all been paid or provided for from said personal assets, and whether they were or not the debts had all been paid therefrom and there was more than sufficient thereof remaining with which to pay off said legacies; that on the 1st day of February, 1904, the defendant Lummie Earle qualified as executrix of said will; that the said will devised to Lummie Earle the corner lot known as the Stable Lot on Buffalo and Pike Streets in the town of Elkins, but that the will makes no mention of the other said lots of which Coberly died seized; that said lots so undisposed of by the will in the City of Elkins and Alpena were worth at least the sum of $7,000; that the defendant Lummie Earle claimed that by virtue of said will she was the sole and only owner in fee of all said unmentioned and undisposed of lots and had taken actual possession of the same and refused to plaintiff any part thereof, and denied to him any ownership therein or any possession of any part of the same; that by reason of the premises the plaintiff was the owner of an undivided moiety in said lots in the City of Elkins and the four lots in Wees Addition to said city, and the lot in the town of Alpena and entitled to partition thereof; praying that the same be partitioned between the said Lummie Earle and the plaintiff in equal parts in case a partition was practicable, and if not that the same be sold and one half the proceeds of such sale be decreed to plaintiff; and that the clauses and provisions of said will in respect to the premises be construed and settled; and for general relief. Plaintiff filed with his bill copies of several deeds conveying the lots to the said W. H. Coberly. The bill was taken for confessed as to the adult defendants, Chas. H. Earle and Della Earle. The defendant Lummie Earle at the October rules filed her answer to which the plaintiff replied generally. Defendant Lummie Earle in her answer denied that plaintiff had paid for the 150 acres conveyed to him for life, remainder to his children; admitted that plaintiff had performed considerable amount of work for his father during his life time, yet he had always been paid the full value of such work; that while this was true plaintiff brought an action against respondent as executrix for $200 which he claimed was due from the estate to him for such labor and recovered a judgment for a large part of such claim which had been paid by respondent as executrix; that plain-

tiff during all his life time had been wayward in his habits
and not only so but reared a large family upon the land
which was owned by decedent, and decedent during all his
life time furnished the plaintiff practically all the money he
had used in and about his dissipations and in the support and
maintenance of his family, and to pay his debts so far as his
said debts had been paid; but it was also true that the said
plaintiff performed for the said decedent a very considerable
amount of labor and for this labor that a large part of said
money was paid by said decedent; that it was the custom of
the decendent to give plaintiff money from time to time as
he needed the same and in that way he gave to plaintiff money
which in the aggregate was many times in excess of the value
of the labor performed by plaintiff for said decedent; that it.
was true that respondent was qualified as executrix and she
had had the personal estate which came to her hands fully
appraised and listed and the amount which came to her hands
was nothing like as large as the legacies which were made by
said decedent in his said will as would appear by copy of the
appraisement which would be filed thereafter as a part of her
answer; that she had paid her children Charley H. Earle and
Della Earle each the sum of $1000 bequeathed to them by their
grandfather, that she had not yet paid Pearl and Ruth the
$1000 given to each of them as they were not yet of proper
age being 16 and 12 respectively; respondent averred that she
had paid what small debts were owed by the decedent as
they came to her knowledge and had paid the funeral ex-
penses, the exact amount of which debts and funeral ex-
penses she could not then tell, but would furnish the same
later, that she had not yet had time to make her fiduciary ac-
counts; averred that there was no ambiguity or uncertainty
in the said will of William H. Coberly and denied that the
attested copy of said will exhibited with the bill of plaintiff
was a true copy, and embodied in her answer "a true copy"
of the will; the only difference, however, between it and
that filed with the bill being in the punctuation after the pro-
vision made for the personal property. In the will as copied
in her answer the words "I have payed my son Jesse C. Co-
berly his portion to him and his children in money and land,"
she makes an independent paragraph; in the copy filed with
the bill this paragraph is preceded by a comma. The respon-

dent claims that it is "perfectly manifest" that she should
have the Stable Lot on Buffalo Street free from the legacies
which testator had given to his four grandchildren "and that
it was the manifest intention of said testator to charge the
payment of said legacies against the other real estate owned
by him at the time of his death;" and that it was also mani-
fest that the testator intended that plaintiff should have no
further share in his estate and that respondent should have
all the remaining estate after payment of said legacies; "and
the value of the real estate which the testator evidently in-
tended should be liable to the payment of said legacies when
taken subject to the dower rights of testator's widow who
survived him was evidently understood by testator to be just
about sufficient for that purpose, and this respondent charges
that taking the dower rights of the widow of said testator
and computed the same according to the table of annuities
and paying her in cash and applying the residue towards the
payment of said legacies the said real estate left by said de-
cedent was just about sufficient to have fully paid said dower
and said legacies, and this was evidently what the testator in-
tended should be done;" that the testator left surviving him
his wife Ruth Ann Coberly for whom no provision was made
in his will and that upon his death his wife became entitled
to one-third of all the personal estate absolutely and entitled
to dower in the real estate; that the widow departed this life
in 1904 after having made her will in which she bequeathed
to respondent her property of every kind, and during her life
the widow was entitled to have and receive one-third of the
rents and profits of the estate owned by decedent her hus-
band; that she did not in fact receive during her life time
her said one-third in said personal estate nor of the rents and
profits of the real estate of which Coberly died seized; that
all the time after the death of Coberly and until the death of
the wife she was confined to her bed by sickness and respondent
expended for her use such sums of money from time to time
as was necessary for the comfort and support of her mother
and denied that plaintiff was entitled to any share or interest
in the estate, and that the provision contained in the will of
respondent's mother must have great bearing and weight as
showing the purpose and intention of both said decedents not
to give the plaintiff any further part or interest in the estate

of either of said decedents. The clause in the will of Mrs. Coberly intended to be referred to in the last paragraph of respondent's answer, and which will is exhibited with her answer, is clause IV, which reads as follows: "My late husband during his life time gave to my son Jesse in money and property all we intended him to have."

Depositions were taken on behalf of the defendant to prove conversations and statements of the testator touching his intentions as to the disposition of his property. The cause came on to be heard on the 1st day of February, 1905. upon the bill and exhibits filed therewith, the separate answer of Lummie Earle and exhibits therewith, and the general replication, upon the answer of the infants by their guardian *ad litem* and the bill taken for confessed as to the adults not answering, upon the depositions and the exhibits therewith, and the court was of opinion that the plaintiff was entitled to the relief asked for in his bill and held that the plaintiff took by inheritance upon the death of the decedent absolute and unencumbered title to an undivided moiety in all the real estate of which the decedent died seized except the said Stable Lot specifically devised to Lummie Earle, and that Lummie Earle so took the other moiety, and decreed the partition of the undevised parcels of real estate and appointed commissioners thereto and requiring the commissioners to report such partition between the plaintiff and defendant Lummie Earle if practicable according to quantity, quality and value, assigning to each one moiety thereof; and if they should find it impracticable to so partition said property they should so report, and in either event to make report to a future term of court, giving ten days' notice of the time of their acting under said decree to the plaintiff and the defendant Lummie Earle; from which decree the defendant Lummie Earle appealed and contends that the court erred in holding, in effect, that the decedent Coberly had died intestate as to any part of his real estate; that the plaintiff was entitled to have assigned to him the one undivided half of any of the real estate of which the decedent died seized; that the court erred in holding that the bequest of $1,000 each to the four children of appellant were payable out of the personal assets of the decedent; "in holding in effect that the plaintiff was not entitled to the whole of the personal estate of, which said W. H. Coberly died seized;"

and that the court erred in not settling the rights of the parties as to such personal assets; also in giving to the plaintiff any share or part in the estate of which Coberly died seized.

This is a suit for partition of the real estate not disposed of in terms in the will of W. H. Coberly upon the theory that not being devised or disposed of in the will the decedent died intestate as to such real estate and that the same descended to his heirs in the same manner as if he had made no will.    Page on Wills, in Note 32, at page 545, says: "It is true that courts have always leaned to constructions which will avoid intestacy, and their swift willingness in this regard has passed into a rule of construction, but there are well defined limits, beyond which the courts have not gone, and beyond which they could not go without subverting all rules and leaving the interpretation of every will to the mere caprice and whim of the chancellor.    One of these rules, firmly established and never departed from or even criticised, is that the expressed intent will not be varied under the guise of correction, because the testator misapprehended its legal effect. ` The testator is presumed to know the law.    If the legal effect of his expressed intent is intestacy, it will be presumed that he designed that intent.    The inquiry will not go to the secret workings of the mind of the testator.    It is not, what did he mean? but it is, what do his words mean?" Citing *Bingel* v. *Volz*, 142 Ill. 214, 34 Am. St. Rep. 64; *Estate of Young*, 123 Cal. 337, *Abercrombie* v. *Abercrombie*, 27 Ala. 489; *Arthur* v. *Arthur*, 10 Barb. 9; *Caldwell* v. *Caldwell*, 7 Bush. 515; *Given* v. *Hilton*, 95 U. S. 591; *Cleghorn* v. *Scott*, 86 Ga. 496; and many other authorities.    While it is possible for a testator to dispose of property not by any formal disposition in his will but by necessary implication from his will taken as a whole, yet the presumption is very strong against his having intended any devise or bequest which he has not set forth in his will.    And it is said in this connection in section 468, Page on Wills: "There must be a probability arising from the whole will that testator intended to make the bequest or devise, which he has not set forth expressly, so strong that it cannot be supposed that any other intention existed in the mind of the testator."—Citing in support thereof many authorities, including *Bartlett* v. *Patton*, 33 W. Va. 71, (5 L. R. A. 523).    In *Graham* v. *Graham*, 23 W.

Va. 36, (Syl. point 14), it is held: "When implications are allowed, they must be such as are necessary or at least highly probable and not merely possible. In construing a will conjecture must not be taken for implication. Necessary implication means so strong a probability of intention, that an intention contrary to that imputed to the testator cannot be supposed. The whole will taken together must produce the conviction, that the testator's intention was to create the estate raised by implication." In *Beard* v. *Beard*, 22 W. Va. 130, JUDGE GREEN, speaking for the Court at page 136, says: "It is settled law in this State, that when by the general law of the land real estate descends to a certain person, it cannot be prevented from so doing by the strongest declaration in the will of the testator, that such person shall after the testator's decease have no part of his property. Such person would nevertheless take all the real property of the testator by descent, which was not by the will devised to others. An heir cannot be disinherited by the strongest declaration, that he shall not take. *Boisseau* v. *Aldridges*, 5 Leigh 222; *Denn* v. *Gaskin*, 2 Cowp. 657, 661; *Right* v. *Sidebotham*, Doug. 759; *Jackson* v. *Shauber*, 7 Cow. 187, 195." He there further says, in speaking of devise by implication: "By *necessary implication* in such case is meant so strong a probability of intention, that an intention contrary to that, which is imputed to the testator, cannot be supposed. See Lord Eldon in *Wilkinson* v. *Adam*, 1 Ves. & Bea. 465, and Lord Mansfield as cited by Lord Loughborough in *Lytton* v. *Lytton.* 4 Bro. C. C. 441." *Boisseau* v. *Aldridges*, *supra*, is cited by nearly all the later cases and seems to be the leading case upon that question. In that case Boisseau made a paper in which he says: "Not having made a will so as to dispose of my property, and two of my sisters having married contrary to my wish, I wish this instrument to prevent either of their husbands from having one cent of my estate, say the husband of my two sisters M, and D. nor either of them to have one cent, unless they survive their husbands; in that case, I leave them $500 each, to be paid" &c. It was there held that "A man cannot disinherit his heir or next of kin, in any other way than by giving his estate to someone else; * * * the instrument is not a devise and bequest of the testator's es-

tate by implication, to his heirs and next of kin other than the two sisters M. and· D. and their husbands; therefore these two sisters are entitled to their share of his estate undisposed of by the will." In *Irwin v. Zane*, 15 W. Va. 646, (Syl. Point 1,) it is held: "The heir must not be disinherited unless it is done by the express terms of the will, or by necessary implication." In the case above referred to of *Boisseau* v. *Aldridges*, Judge Brooke, in treating this question, used the following language: "And in examining cases of this kind, we are not to forget that those, who claim under the law, have as strong a claim to the property, as those who claim under the will; indeed somewhat stronger, since it is a settled principle, that if a devise gives no other estate than the law gives, those, who are to take, take under the law and not under the will, their title under the law being preferable to their title under the will." In case at bar the will gives no estate to any one, there is no expressed desire as to the disposition of the lots not devised, nor the slightest intimation in any particular of a purpose on the part of the testator to dispose in any way of the lots claimed by plaintiff as descending to the heirs of W. H. Coberly, but to leave them wholly subject to the law of descent. If it had been the intention of the testator to devise all his real estate to Lummie Earle, why should he describe particularly the one certain piece or parcel of real estate which he set apart to her and totally ignore and mention in no manner the residue of his valuable real estate, when it would have been so easy to have devised "to my daughter Lummie Earle all the real estate of which I may die seized," if indeed it was· his intention to so dispose of it. The implication is very strong that as to all his real estate except the one piece particularly devised he deliberately intended not to dispose of it by his will but left it to descend under the law. It will be observed in the arrangement of the will the testator first devises the "Stable Lot" to his daughter and nominates her as his executrix; then follows the bequests to each of the four children of his daughter Lummie; next disposing of all his personal property by authorizing his daughter to sell and dispose of it "as she thinks best," to the entire exclusion of the plaintiff as to any interest therein; then immediately follows the declaration of the testator, "I have payed my

son Jesse C. Coberly his portion to him and his children in money and land." His portion of what? "His portion of my personal estate?" He does not say so. "His portion of all my estate?" He does not say so. What is the meaning of this statement? What was the intention of the testator in making the statement? It follows immediately after the disposition of his personal estate. Was it to explain why he left his son none of the personal estate? We look in vain for a certain meaning. As to the intention of the testator we can only conjecture, and a will cannot be construed on mere conjecture.

In the will of Coberly he makes four bequests of legacies to his grandchildren of $1000 each but says nothing in his will as to how they shall be paid, or from what source. This is a suit alone for partition and the question as to whether or not the legacies can be charged upon the real estate undevised by the testator cannot properly arise in this case and we do not pass upon the question. I have thus noticed the question because the decree entered seems to adjudicate that matter as it provides that, "The said plaintiff took by inheritance upon the death of said decedent *absolute and unencumbered* title to an undivided moiety in all the real estate of which said decedent died seized," except that portion specifically devised to the defendant Lummie Earle. Would not this be construed to hold that plaintiff takes the undivided moiety free from any charge upon same on account of said legacies or any debts that might still remain unpaid against the estate?

Section 1, chapter 79, Code, provides that, "Tenants in common, joint tenants and co-parceners, shall be compellable to make partition, and the circuit court of the county wherein the estate, or any part thereof, may be, shall have jurisdiction, in cases of partition, and in the exercise of such jurisdiction, may take cognizance of all questions of law affecting the legal title, that may arise in any proceedings."

The question at issue here is whether the plaintiff is entitled to partition. What the land sought to be partitioned may be chargeable with, in the way of legacies or otherwise, is a matter for adjudication in a proper procceding to be instituted for that purpose, if any party in inter-

est should deem it advisable to litigate the matter.    The testator Wm. H. Coberly not having disposed by will of the several lots sought to be partitioned the same are subject to partition between appellee and the appellant and the decree complained of is correct except in so far as it seems to adjudicate title to the real estate sought to be partitioned as "absolute and unencumbered." The question of encumberance not properly arising in the case should not be here adjudicated and the decree should be so modified as to read, "The plaintiff took by inheritance upon the death of said decedent title to an undivided moiety in all the real estate of which said decedent died seized, except that portion of it described as 'the corner lot known as the Stable Lot on Buffalo St. and Pike St. in the city of Elkins, Randolph county, West Virginia, specifically devised to Lummie Earle by said will, and that said Lummie Earle so take the other Moiety," with which modification the decree is affirmed and the cause remanded for further proceedings to be had therein.

*Modified and Affirmed.*