# CHARLESTON.

SPURRIER v. HOBBS *et al.*

Submitted September 4, 1909.   Decided February 28, 1911.

1. WILLS—*Construction—Intestacy.*
     Though an introductory clause in a will may express an intention on the part of the testator to dispose of his whole estate, this does not supersede the necessity of his subsequently carrying that intention into effect by an actual disposition.

2. SAME—*Construction.*
     An introductory clause expressing an intention of the testator to dispose of all his estate, cannot be considered to enlarge an actual disposition in another clause, perfectly clear and unambiguous, by supplying words thereto.

3. SAME—*Construction—Devise of Real Estate.*
     If an introductory clause expresses an intention of the testator to dispose of "such estate as it has pleased God to entrust with him," and in the sole disposing clause he plainly and without ambiguity disposes of his personal and mixed estate only, his real estate is not devised.

     (BRANNON, JUDGE, absent.)

Appeal from Circuit Court, Berkeley County.

Bill by Josephine M. Spurrier and others against Frances E. Hobbs and others.   Decree for plaintiff, and Henry R. Gaver and other defendants appeal.            *Affirmed.*

*H. B. Gilkeson* and *A. B. Knoll,* for appellants.

*Clarence E. Martin,* for appellees.

ROBINSON, JUDGE:

This suit is one for partition of land.   It involves a construction of the will of Catherine E. Gaver, deceased.   The circuit

court held that the will did not devise the real estate of which the testatrix died siezed and possessed. Henry T. Gaver, claiming that the will passed the real estate to him for life, has appealed. The testatrix left no issue. A brother and several sisters were her next of kin. The decree directs that the real estate shall be partitioned among them.

The parts of the will which we need to notice are as follows: " * * * and first I direct that my body be respectfully buried and that my funeral be conducted in a manner corresponding to my estate and situation in life. As to such estate as it has pleased ·God to entrust with me, I dispose of the same as follows, viz:

"Second: I direct that all my funeral expenses, all lawful debts of mine be paid out of my estate either personal or real.

"Third: I give, devise and bequeath all my estate personal or mixed of which I shall die siezed and possessed at my decease to my husband Geo. E. Gaver during his life and at his death all of the above property to go to Henry T. Gaver during his life and at his death go to the children of Henry T. Gaver forever.

"And lastly, I do nominate and appoint Henry T. Gaver my executor of this my last will and testament without bond."

We observe that there is no mention of real estate in the disposing clause of the will. It is devoted to a disposition of personal and mixed estate only. The terms here used are clear, definite, and unambiguous. Reading this operative clause alone, one can have no doubt of the intention of the testatrix to devise only personal and mixed property by it. Does she say otherwise in any part of the will? We do not so find.

Appellants insist that the words "above property" as used in the operative clause relate to the mention of "estate" in the introductory clause, and also relate to the mention of "estate personal or real" in the second clause, wherein direction is made that funeral expenses and debts be paid. This argument is not tenable. The words "above property" are shown by the very context of the clause in which they are used to relate only to the property mentioned in that clause—to relate to the personal and mixed property in which a life estate to Geo. E. Gaver is raised. One life estate in this personal and mixed property is made to begin when the other ends. That is the simple and reasonable purport of the language used,

Appellant, however, bases the real weight of his contention, that he takes the real estate, on the introductory clause of the will. He says that it shows an intention on the part of the testatrix to dispose of all her estate. And true, it would seem that the testatrix did set out to dispose of all her property. But she did not do so. When she came to the point of giving away her estate she did not include any real property. Here by her words she showed clear intention not to dispose of that kind of property. We can not guess or conjecture that she inadvertantly failed to use the word "real." We do not know that she did. She used plain and unambiguous language when she reached the point of disposing. We must judge her intention from the words here as well as from others in the will. And the intention of the testatrix must be gathered from her will when read in the light of legal principles. She is chargeable with the knowledge of the legal effect of the paper which she prepared.

Now, what does the law say as to the use to be made, in construction, of such an introductory clause as we have in this will? What force must we give to the words: "As to such estate as it has pleased God to entrust with me, I dispose of the same as follows?" The books aid us to answer. In speaking of such an introductory clause, a renowned English author says: "It certainly shows that the testator commenced his will with the intention not to die intestate with respect to any portion of his property; but does not supersede the necessity of that intention being subsequently carried into effect by an actual disposition." 1 Jarman on Wills (6th Eng. Ed.) 1007. In the will before us any intention to dispose of the testatrix's real estate, expressed in the introductory clause, has not been carried into effect by an actual disposition of that real estate, which actual disposition, says Jarman, is necessary to make a devise. Further as to these introductory clauses, we may refer to 2 Underhill on Wills, section 680, and 3 Lomax's Digest (2nd Ed.) 197. These works virtually tell us that such clauses may be considered only in ascertaining the intention of a testator when a subsequent devise is couched in indefinite language. They sanction this clear statement of the rule: "Although the introductory clause of a will does not operate to dispose of any property, yet it may be considered in order to ascertain the testator's intention, where another clause is not clear." 30 Amer. & Eng. Enc. of Law, 664.

Applying this rule to the will under consideration, we need only to say that it contains no uncertain or indefinite clause to demand the aid of the introductory statement. It does not contain another clause that is not clear, so as to invoke the aid of the introductory clause to explain the intention of the testator. Chancellor Kent says that there must be words in the devise itself sufficient to carry the interest, before introductory words can be allowed to vary construction so as to enlarge the estate. 4 Com. (12th Ed.) 541. The words "all my estate personal and mixed," in the will at hand, are not sufficient to carry real estate. In the light of authority and reason, we cannot use the introductory clause for the purpose of supplying the word "real" in the clause that actually disposes.

Again, this case is controlled by principles announced in *Graham* v. *Graham*, 23 W. Va. 36. The last point of the syllabus is directly applicable: "Where the words 'real estate' are not used in the operative clause of the devise itself but are introduced in another part of the will, as in the codicil, by way of recital as to what was in the operative clause, such words so used cannot have the effect nor be construed to extend the meaning of the operative clause."

The decree is a proper one. It will be affirmed.

*Affirmed.*