LORA J. McCOMB, *Executrix, et al. v.* LORA J. McCOMB, *et al.*

(No. 8833)

Submitted January 17, 1939. Decided February 14, 1939.

*F. G. Musgrave* and *Somerville & Somerville,* for appellants.

*W. L. Poling* and *S. P. Bell,* for appellees.

KENNA, JUDGE:

This is a chancery proceeding brought in the Circuit Court of Mason County by Lora J. McComb, executrix, and F. G. Musgrave, executor, of the will of J. E. McComb, against Lora J. McComb, Thomas F. McComb and James E. McComb, the widow and two sons of the testator, for the purpose of obtaining a decree construing the will of J. E. McComb. This appeal was granted to plaintiffs from the final decree entered on the thirteenth day of June, 1938. The bill of complaint and accompanying exhibits, together with the answer and cross-bill of Thomas F. McComb, comprise the entire record of the cause as submitted. The trial court's decree and opinion, made a part of the record, are rather lengthy and they, along with the rest of the record, should be examined in order to comprehend the entire background upon which this controversy is based.

The question which is primarily involved arose from the fact that the testator at the time his will was executed was vested with title to part of Lot Ten, Second Tier Lots on Main Street between Fourth and Fifth Streets in the City of Point Pleasant, known as the "Murphy Property", and that after his will was executed, he acquired title to another lot on Main Street between Fifth and Sixth Streets, known as the "Hub Property". The trial court treated these two parcels as being alike subject to the testamentary disposition made by the testator of his "Main Street Property" in Point Pleasant, under the authority of the case of *Dearing* v. *Selvey, Executor,* 50 W. Va. 4, 40 S. E. 478. Naturally, this holding had a con-

sequential effect upon the disposition of the estate's assets in order to discharge the testator's obligations, as well as upon the application of other testamentary provisions, including that for the support of the testator's widow.

The two provisions of the will (Exhibit No. 1 filed with the bill of complaint), interpretation of which is involved in the solution of this question, with what we regard as the governing language italicised, are paragraphs two and five, which read as follows:

"I do hereby devise and bequeath to my beloved wife, Lora J. McComb, so long as she remain my widow and unmarried, a reasonable support and maintenance suitable to her position and station in life and in accordance with the manner to which she is now accustomed. The same to be paid out of any of my estate, excepting my 'Main Street' real estate *hereinafter mentioned and devised,* preferring first the personal property and estate, and the same shall be a charge upon all my property and estate both real and personal, excepting said 'Main Street' real estate, until the same is sold or disposed of by my Executors in the manner and form and for the purposes hereinafter set out. But in case my said Executors shall sell or otherwise dispose of my said property or of any part thereof as my will hereinafter directs and authorizes, then such parts or portions so sold or disposed of shall be excepted from the burden of such support and maintenance from the time the same shall have been sold or otherwise disposed of as aforesaid."

\* \* \* \* \*

"I hereby give, devise and bequeath to my beloved sons, James E. McComb and Thomas F. McComb, for and during their natural lives and for and during the natural life of the survivor of either of them all my real estate situated and being on the East side of Main Street *between Fourth and Fifth Streets* in the City of Point Pleasant, Mason County, West Virginia, the remainder, after the death of the survivor of either of them, to go in fee simple absolute to their re-

spective children, said children sharing therein the portion of their respective parents. And in the event either of my said sons shall die without issue, then the whole of said real estate mentioned in this item shall go to the children of the other son, and in the event both of my said sons shall die without issue and in the event my said wife be living at the time of the death of the survivor of my said sons and she yet remain my widow and unmarried, then the whole of said real estate shall go to her for and during her natural life provided she remain unmarried, and at her death the same shall go to my next nearest relation and heirs at law. But it is my will that the rents, issues and profits derived from this parcel of my real estate, shall be collected by my said Executors and applied to the support, maintenance and comfort of my said wife and the support, maintenance, comfort and education of my said sons until the youngest of my said sons shall have arrived at the age of twenty-one years and so much longer as either of my said sons shall be in school or college at the expense of my said estate."

It will be noted that while the "Hub Property" lies on Main Street it is between Fifth and Sixth Streets, and for that reason is not included in the description contained in the quoted paragraphs of the will under consideration. The general rule of interpretation that a will speaks as of the time of the testator's death is by our statute (Code, 41-3-1) applicable "unless a contrary intention shall appear by the will." The *Dearing* case (50 W. Va. 15), cited and relied upon by the trial court in his written opinion, made a part of the record, quoted the statute last referred to, and reached the conclusion that no contrary intention appeared from the will. There is, however, a marked difference between the language before the court in the *Dearing* case and that of the will under consideration. In the former case, the testator had bequeathed and devised all of his property, both real and personal, to his children after his widow's death. The court held that this provision applied to after-acquired

property. The will before us contains no such language. The items under consideration relate to a specific parcel of land sufficiently described to distinguish it from any other land mentioned in the will or owned by testator at the time of his death, so that it is, we think, only by erroneously extending the description to include the after-acquired Main Street property, and not by applying the rule that the will speaks as of the time of the testator's death, that the after-acquired property situated on Main Street can be held to be included in these particular provisions. Otherwise, why should not some other provision of the will dealing with real estate be held to apply? As sustaining this position, see *Coberly* v. *Earle*, 60 W. Va. 295, 54 S. E. 336, and *Spurrier* v. *Hobbs*, 68 W. Va. 729, 70 S. E. 760, Ann. Cas. 1912B, 342. For the foregoing reasons we think that the trial court was wrong in holding that paragraph V applied to the "Hub Property", acquired by the testator after the will was executed.

The result of the foregoing conclusion definitely relates to other provisions of the trial court's decree which were the unavoidable outgrowth of what we believe to have been an error, and are, therefore, also erroneous.

The second item of the trial court's decree construes the will's provisions for the support and maintenance of Lora J. McComb as not applying to any of the testator's "Main Street property", thus excluding both the "Murphy" and the "Hub" buildings. The manifest reason for this interpretation is that the trial court felt that the term "Main Street real estate" was inclusive of the "Hub property". The testator having excepted the "Main Street real estate hereinafter mentioned and devised" from the second paragraph of his will and the provision therein contained for the support and maintenance of his widow, it is clear that only the Murphy property thereafter "mentioned and devised" was excluded. We are of the opinion that the exception embraces only the property on Main Street between Fourth and Fifth Streets, then owned by the testator, and was not intended to include the after-acquired "Hub" property between Fifth and

Sixth Streets. Consequently, the second item of the trial court's decree, we think, should except from its provisions only the so-called "Murphy property."

A provision of the testator's will directed that his office equipment should be divided between his sons if they both became dentists, or bequeathed in its entirety to the one that did, and in the event that neither of his sons should elect to follow that profession, that the executors should dispose of the equipment "as they deem for the best interest of my estate." The executors disposed of the equipment and gave the proceeds to the testator's sons, it being not quite clear whether this was done in order to carry out the provisions of the will for their support and maintenance, or as a distributive share of the testator's estate in addition thereto. This should be clarified because the will contains no provision justifying the payment of the proceeds from the sale of testator's dental equipment to his two sons as a distributive share of his estate.

The eleventh item in the trial court's decree finds that there is no jurisdiction in the Circuit Court of Mason County to require an accounting and a settlement from the executors because of the fact that no accounting had been made before a commissioner of accounts as required by statute, and that their jurisdiction was exclusive. We are of the opinion that this does not conform with this Court's finding in the case of *Travis* v. *Travis*, 116 W. Va. 541, 182 S. E. 285; *Davis* v. *See*, 119 W. Va. 490, 194 S. E. 271 (Pt. 1, Syl.). In the first case, the report of a commissioner of accounts had not been acted upon by the County Court of Doddridge County, and it was urged, on the basis of Code (1931), 44-4-18, *et seq.*, that the jurisdiction of a court of chancery could not precede that of the commissioner of accounts and the county court. This Court held that the county court's jurisdiction could be interrupted by a chancery court if the subject matter was one of which a chancery court took cognizance, such as the interpretation of a will. The Circuit Court of Mason County should proceed to require settlement and accounting from the executors.

The contingencies that may arise upon the settlement of the executors' accounts and the showing of the way in which they have administered the property that has passed through their hands, the estate's indebtedness, and the amount required to maintain the testator's widow, are not disclosed by the record before us upon this appeal. For this reason we cannot go beyond approving the general principle which the trial chancellor seems to have partially followed in applying the provisions of the will under consideration, i. e., that the personal estate is to be applied to the payment of the estate's indebtedness, including the deed of trust debt on the "Hub" and "Murphy" properties. And when the result of this course is ascertained, the fiduciaries then are to be directed how to proceed further in disposing of the estate, subject to the provisions of the will.

An examination of this record discloses basic allegations, the sufficiency of which apparently have been overlooked. The order of the county clerk of Mason County certifying the copy of the will filed as an exhibit with the bill is unsigned, and does not clearly identify the paper to which it relates. There is no order of the county court entered at the time the executors were qualified set up in this record. The only showing of their qualification is a certificate signed by the county clerk, dated May 3, 1938, a little more than five years after the testator's death and after the executors began to act, reciting that the executors "have been appointed, qualified and given bond * * * and that they are still acting in their respective capacities as such." We are of the opinion that both of the foregoing matters the trial court should require to be clarified.

For the foregoing reasons, we reverse the decree of the Circuit Court of Mason County entered herein on the thirteenth day of June, 1938, and remand the cause to be further proceeded with in accordance with the principles herein discussed and with the findings of this Court.

*Reversed and remanded.*