GEORGE O. JARVIS, *et al.* *v.* SARAH A. JARVIS, *et al.*

(No. 8839)

Submitted April 18, 1939. Decided June 20, 1939.

*Grover F. Hedges,* for appellants.
*Harper & Baker,* for appellees.

HATCHER, JUDGE:

Perry Jarvis executed a will in 1917, devising to his second wife and his children by her, "all of my real estate, consisting of three certain tracts or parcels of land situated in Walton District, Roane County, West Virginia, containing in all about 109 acres." Mr. Jarvis died in 1937. Between 1917 and 1937, he acquired a tract of 64 acres (subject to certain reservations) and the surface of a tract of 38 acres, both in Walton District of Roane County. The children of his first marriage claim in this suit that he died intestate as to the two tracts acquired between the dates of his will and his death. The circuit court decreed against them.

Code, 41-3-1, provides: "A will shall be construed with reference to the estate comprised in it, to speak and take

effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will." There can be no question but that in 1917, all of the real estate comprised in the will was only the three specific tracts Mr. Jarvis then owned, aggregating 109 acres. After 1917 he almost doubled the number of his tracts and his acreage. Can it be said in reason that if he had looked over the will of 1917 immediately before death in 1937, in the full possession of his faculties (as the statute presupposes), he would have taken the plain words, "three certain tracts * * * of land containing * * * 109 acres", to mean *five certain tracts of land aggregating 211 acres?* We think not. The statute does not require a strained construction. We are of opinion that the words he employed in 1917 to describe the real estate he then owned would have meant the same to him in 1937; and he would not have contemplated that the will of 1917 included the two tracts thereafter acquired. This conclusion is in line with our decision in *McComb* v. *McComb,* 121 W. Va. 53, 200 S. E. 49, wherein we held: "After acquired property does not pass under a specific devise when the description is not sufficiently broad to include the property in question."

The decree is reversed and the cause remanded.

*Reversed and remanded.*

KENNA, JUDGE, dissenting:

I do not think that the majority opinion deals with the fundamental question, the solution of which must first be determined before the testator's will is construed. Code, 41-3-1, requires the will to be construed as though it had been executed immediately before the death of the testator, when it becomes necessary to define "the estate comprised in it." The only instances in which this is not to be done are those in which a contrary intention appears from the will. I do not think any such intention appears from this will, nor that it can be arrived at by considering only what the testator intended by using the

words "three certain tracts * * * of land containing * * * 109 acres." The clause to be construed, as correctly quoted in the majority opinion, is: "all of my real estate, consisting of three certain tracts or parcels of land, situated in Walton District, Roane County, W. Va., containing in all about 109 acres." The important thing to be determined is not what the testator meant by referring to the fact that all of his real estate consisted of three separate tracts, but whether the generic term "all of my real estate," is to be limited by the qualifying phrase clearly in conflict with the fact if treated as speaking immediately before the death of the testator. It might be asked whether it can be said in reason that the testator, in looking over the will dated 1917 immediately before his death in 1937 and in the full possession of his faculties, would have taken the plain words "all of my real estate" to mean but three out of the five tracts located in the same district of the same county referred to in the language of this devise.

I think that it is obvious that the terms "all of my real estate", coupled with the recital of the will referring to three parcels, are in clear conflict, but to my mind it is perfectly apparent that the recital of what all of the testator's real estate consists is clearly intended to be subordinate to and controlled by the phrase "all of my real estate." I quite agree with the statement in the majority opinion that Code, 41-3-1, does not require a strained construction. However, that section is mandatory in requiring that a will be construed in settling one of the most important questions involved in carrying out its provisions, as though executed at an arbitrarily named time. This for the reason that usually wills are drawn in the hope that their provisions will fit the testator's changing circumstances, and that without some such provision a will, like other written instruments, would be construed as of the time of its execution. Nevertheless, following the direction of the statute usually involves an artificial hypothesis.

The language quoted from the opinion in the *McComb* case, needless to say, I regard as stating a sound principle. I think that language entirely inapplicable because, in this instance, I regard the language of the testator's devise to be without doubt sufficiently broad to cover after-acquired property. It strikes me that in principle the case of *Dearing* v. *Selvey, Exr.*, 50 W. Va. 4, 40 S. E. 478, at page 15 (W. Va.) of the opinion, deals with a matter well nigh upon all-fours with the instant case. I quote the language from the opinion by Judge Poffenbarger used in the brief filed on behalf of the appellee here:

> "At the time the will was made the executor owned but one tract of land. Afterward he acquired three more. The provisions of the will just considered apply to this after acquired property and it passes to the beneficiaries of that will in the same way as the property specifically mentioned in the will, unless the failure of the testator to direct his executor to sell the after acquired property as well as the other, prevent such operation and effect. This question is deferred for later consideration. At common law, after acquired real estate did not pass under the will. The utmost effect that a will could have over such property was to form the basis upon which a conveyance might be called for in pursuance of a binding contract entered into before the will was made. 29 Am. & Eng. Ency. Law 257. All that has been changed here by statute. Section 10, chapter 77 of the Code provides that 'A will shall be construed, with reference to the real and personal estate comprised in it, to speak and take effect, as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will.' So this after acquired land passes not by descent but by the will."

Believing, as I do, the decree of the trial chancellor plainly right, I would affirm.