Uber's Estate.

Argued April 22, 1938.  Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

418

[redacted]

*Isaac S. Grossman,* for appellant.

*George V. Strong,* for appellees.

OPINION BY MR. JUSTICE STERN, May 16, 1938:

The alleged precedents cited by counsel are of little value in this case involving the construction of a will, the interpretation of which naturally depends upon its distinctive phraseology.

Decedent, George F. Uber, provided in successive items of his will for the payment of his debts and funeral expenses, for a devise to his wife, Rae S. Uber, of his house No. 3010 North Broad Street, Philadelphia, for a bequest of $10,000 in trust for his granddaughter, for a bequest of jewelry to his brother, Howard H. Uber, for a bequest of $500 to a friend, and for a bequest of $500 to another friend. This last "item" contains the clause which is the subject of the present controversy: "Any and all taxes that may be due and payable upon the devise of the real estate, legacies and bequests shall be paid out of and from the principal of my residuary estate." Then follows the disposition of the residuary estate, which is to be "divided into two equal half parts or shares which I give devise and bequeath as follows: One full equal half part or share thereof I give devise and bequeath unto my brother Howard H. Uber his heirs and assigns. And the other and remaining full equal half part or share thereof I give, devise and bequeath unto my Executors and Trustees . . . IN TRUST . . . to pay the net interest and income thereof and the net rents, issues and profits of the real estate

. . . unto my daughter Mabelle W. Nazel for and during all the term of her natural life," and thereafter in trust for such persons as the daughter by her last will and testament should appoint.

The inheritance tax on the gift to decedent's brother of one-half of the residuary estate amounts, at the 10% rate for collaterals, to $9,331.34. The tax on the gift of the other half to the daughter for life with remainder to her appointees amounts, at the 2% rate for lineal descendants, to $1,866.22.* It is the contention of appellant, Rae S. Uber, who is assignee of the share in the residuary estate of testator's brother, Howard H. Uber, that all of the inheritance taxes on the residuary estate should be paid out of that estate as a whole, instead of each legatee paying the tax on his or her own share. It is the contention, on the other hand, of appellees (testator's daughter and the trust company appointed substituted trustee for her under decedent's will) that the daughter's share should pay its 2% tax, and the share of testator's brother its 10% tax. According to appellant, the clause directing that all taxes upon the devise of the real estate, legacies and bequests are to be paid out of the principal of the residuary estate should be construed as covering not only the taxes on the special devise and legacies but also those embraced in the residuary estate, whereas appellees argue that this clause refers only to the devise of the Broad Street house, the bequests of money to the granddaughter and the two friends, and the bequest of jewelry to testator's brother, —that is, to the devise and bequests preceding the tax-free clause and not to the legacies and devises comprehended in the gift of the residuary estate which follows it.

In our opinion, the court below was correct in adopting the latter view. Normally, every legacy must pay

---

* The tax on this half will be subject to increase if the appointment by the daughter is to collaterals of the testator.

its own tax. Where a legacy is expressly given tax-free, the tax is payable out of the residuary estate as the only other fund available for that purpose. Where life estates are carved out of the residuary estate, it is, of course, possible for a testator, if he so desires, to provide that they also shall be tax-free and that the tax should be paid by the ultimate remainder interest, or where, as here, the residuary estate is to be divided among persons whose shares are subject to different tax rates, the testator may direct that the tax on the entire residuary estate should be paid from it as a whole, instead of each of the participating beneficiaries paying the tax applicable to his own share. To indicate such intentions, however, the language of the will should be free from doubt. In the present case, the position of the tax-free clause, following the individual devise and bequests but preceding the residuary clause, invites the conclusion that what the testator had in mind at that point, in regard to freedom from taxes, was the devise and legacies theretofore given and not the residuary estate the disposition of which had not yet been made. Moreover, the use in the clause of the word "devise" in the singular—in view of the fact that several pieces of real estate are included in the residuary estate—points sharply in the same direction, because it indicates an intention to restrict it to the specific devise of the Broad Street property.

Apart from the result obtained by an analysis of the phraseology, a reading of the will as a whole produces the impression that testator did not intend to give more of his estate to his brother than to his daughter, as he would be doing if appellant's contention were to be upheld.

*Brown's Estate*, 208 Pa. 161, upon which appellant relies, is not similar to the present case. There the residuary estate was given in trust "to collect . . . the interest and income . . . as the same shall accrue, and after taking any and all necessary expenses, to divide

the said net income in equal shares among" certain named persons. It was held that the inheritance taxes were payable out of the general income of the estate before distribution, and were not to be deducted from the share of the net income due each legatee, the court pointing out that it was only the *net* income that was to be divided in equal shares. Here, the full equal half parts given to the brother and the daughter are, as far as the language indicates, not equal net, but equal *gross* shares. In the case of every will where there are gifts of equal half parts of an estate, and one of the legatees is a lineal descendant and the other a collateral relative of the testator, the liabilities for their respective inheritance taxes will make their net legacies unequal notwithstanding the prescribed equality; such a result can be avoided only by an unequivocal testamentary direction that the *net* shares, after the payment of the inheritance taxes, are to be equal and the taxes paid out of the residuary estate as a whole. In the present case we find no such clear direction.

The decree of the court below is affirmed: costs to be paid by appellant.