## Taylor's Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner, and Hunter, JJ.

*Lewis Tanner Moore*, for exceptants.

*Joseph Blank*, contra.

*Arthur M. Cooper*, for Commonwealth.

SINKLER, J., November 19, 1943.—Item 23 of the will provides:

"It is my order and direction that the taxes for the first year following my death shall be paid out of my residuary estate."

The exceptions relate to construction of these words by the adjudication to effect the payment of the inheritance taxes. The exceptions are well-founded. The phrase ". . . taxes for the first year following my death . . ." denotes taxes which recur annually, that is, taxes upon the real estate owned by testatrix. We would be inclined to hold that it might include taxes upon personal property, but decision upon this point seems unnecessary by reason of the fact that, whether this tax be paid from the residuary estate or by the residuary legatees on their distributive shares, their shares are reduced to the same extent. An additional reason is that, pending distribution, the tax on personal property was payable out of the income received. Whether or not it was so paid does not appear, since the account contains no accounting of income.

Reverting to the phrase under discussion, inheritance taxes are not included in the term "taxes for the first year following my death." Apparently the determination of the auditing judge is based on the supposed realization by the testatrix that her death was imminent. This supposition is derived from the provisions of item 25 of the will, whereby a sum of money is given to a church, and in the event of her death within 30 days of making her will the sum is given to Rev. W. L. Johnson, one of her executors. The will is dated No-

vember 29, 1940, and there is attributed to testatrix a conviction that all taxes payable during the following year included inheritance taxes.

Against the exceptions, it is contended that inheritance taxes fall due immediately after death and become delinquent only a year thereafter.

In our opinion, neither the ground on which the adjudication rests nor the argument advanced justifies attributing to the testatrix an intention that all inheritance taxes be paid out of her residuary estate. Her real intention seems clear. By items 1, 2, and 3 of her will, certain real estate is devised to two nieces and a nephew. By item 5, certain real estate is devised to a great-nephew, a minor. It is ordered that his father may occupy the premises, provided he pay the taxes and cost of maintenance. Testatrix died unmarried and without issue. Her intention in the direction under consideration was that those of her next of kin whom she selected to be the devisees of her real estate should be relieved of the payment of the taxes thereon for the first year after testatrix' death.

Tallman's Estate, 10 D. & C. 89, is properly distinguished from the present case by the auditing judge. In this case and, as well, in the two cases cited by exceptant, Youngblood's Estate, 117 Pa. Superior Ct. 550, and Uber's Estate, 330 Pa. 417, the law is expounded to the effect that exemption of a legacy from the payment of inheritance tax is effected only by express direction or necessary implication. Neither is to be found in the present case.

Whatever may have been the unexpressed intent of testatrix, we may determine only the intent to be ascertained from the phraseology used. This we find to constitute a direction to pay the taxes on the real estate owned by testatrix for the first year following her death.

The exceptions are sustained.

LADNER, J., dissents for the reasons set forth in his adjudication.