## Brown Estate

*George T. Butler*, for accountant.

*Morris H. Fussell, Frank F. Truscott* and *William N. Trinkle*, for exceptant.

VAN RODEN, P. J., April 30, 1948.—Decedent died August 20, 1940, survived by neither spouse nor issue. By her will and codicil thereto, duly probated, she de-

vised and bequeathed her residuary estate in trust for the benefit of her nephew, Emlen Pope Etting, for life, with remainder in favor of his issue, or in default of issue to certain named charities.

The tenth item of the will directs that "all collateral or other succession tax or taxes that may be chargeable against any of the bequests herein made shall be paid out of my residuary estate to the end that no bequest, whether pecuniary or specific, shall suffer any diminution whatever by reason of any such tax or taxes."

By codicil dated May 25, 1925, decedent provided with respect to an annuity of $4,000 in favor of her brother's widow, to be paid out of the income of the residue, that "any collateral inheritance or other succession tax or taxes that may be chargeable against the above bequest or against any of the bequests in my said Will or Codicils shall be paid out of my residuary estate."

The executor's account was adjudicated by this court, (per McDonough, P. J.), on November 13, 1941, and the residue was awarded to the Girard Trust Company, trustee, in trust for the purposes set forth in the will. In the adjudication the auditing judge found that decedent "wanted her residuary estate to bear the tax obligations incident to her death, and the disposition made herein is upon that theory."

Exceptions filed on behalf of Emlen Pope Etting, the principal life beneficiary of the residuary estate, raised the question, inter alia, whether inheritance or succession taxes on his residuary life estate were payable out of the corpus or the income of the residue. In an amended adjudication filed January 21, 1942, the auditing judge in effect sustained the exceptions but the trustee was of the opinion that the language used in the amended adjudication was not entirely free from ambiguity. Consequently the trustee insisted upon withholding out of income sums sufficient to reimburse the

corpus of the residuary estate for the amount of State and Federal inheritance taxes paid on the life estate of the residuary life beneficiary.

The first account of the trustee, which is presently before the court, claims credits in the total amount of $20,537.70 deducted from income for reimbursements of corpus and the life tenant has filed objections thereto. Thus the question now for determination is whether the corpus or principal of the residuary estate is entitled to reimbursement out of income for inheritance or succession taxes paid on the residuary life estate.

The scope of a tax-free clause depends upon the determination of testator's intention, as gathered from the will or codicil containing same. See Annotations, 51 A. L. R. 454, 487; 116 A. L. R. 854, 863, and 141 A. L. R. 847, 855. Cf. Act of July 2, 1937, P. L. 2762, 20 PS §844, which provides that State and Federal estate taxes shall be equitably prorated among the beneficiaries "except in a case where a testator otherwise directs in his will". In the absence of a contrary direction by testator, a gift of income of residue is subject to diminution to the extent of inheritance tax properly chargeable against it: Brown's Estate, 208 Pa. 161 (1904). However, the intention of testator is the controlling element and where the intention that the gift of income is to be tax-free is plainly inferable from the will it is to be carried into effect: Habecker's Estate (No. 3), 43 Pa. Superior Ct. 91 (1910).

In Uber's Estate, 330 Pa. 417, 419-420 (1938), the Supreme Court stated the applicable principles of law, as follows:

"Normally, every legacy must pay its own tax. Where a legacy is expressly given tax-free, the tax is payable out of the residuary estate as the only other fund available for that purpose. Where life estates are carved out of the residuary estate, it is, of course, possible for a testator, if he so desires, to provide that

they also shall be tax-free and that the tax should be paid by the ultimate remainder interest, or where, as here, the residuary estate is to be divided among persons whose shares are subject to different tax rates, the testator may direct that the tax on the entire residuary estate should be paid from it as a whole, instead of each of the participating beneficiaries paying the tax applicable to his own share. To indicate such intentions, however, the language of the will should be free from doubt."

In the Uber case, it was held that the position of the tax-free clause, following the individual devises and bequests but preceding the residuary clause, indicated an intention on the part of testator to limit the application of the tax-free clause to the specific gifts and to exclude the residuary gifts.

In the instant case, however, the tax-free clauses, hereinabove set forth, are much broader in scope and indicate a plain intention on the part of testatrix that all gifts, including the residuary life estate, were to be enjoyed by the recipients without diminution by reason of transfer or succession taxes incident to the death of testatrix. In the tenth item of decedent's will, the tax-free clause is expressly made applicable to all bequests "herein" and is not limited to bequests contained in preceding paragraphs. Of even more significance, is the fact that the codicil of May 25, 1925, creating an annuity out of income of the residuary estate, specifically provides that the tax-free clause shall apply to the bequest and also "any of the bequests in my said will or codicil". It seems obvious, therefore, that when this testatrix provided that transfer or succession taxes should be paid out of her residuary estate, she was referring to the corpus of the residuary estate and intended that the beneficiaries of the residuary income should enjoy such income undiminished by deductions

for such taxes and that this advantage to the income beneficiaries should be at the expense of the corpus of the residue.

Accordingly, the objections filed on behalf of Emlen Pope Etting are hereby sustained, the credits claimed by the accountant for deduction from income to reimburse principal for inheritance or succession taxes on the residuary life estate are hereby disallowed, and the accountant is directed to retransfer from principal to income all sums so deducted and to pay them over to the life beneficiary in accordance with the terms of decedent's will, as herein construed.