Allread, J.
This cause involves a construction, of the following clause of the will of Mary Maxon Nash :
“To my sister Darien C. Hamilton, wife of F. W. Hamilton, I give and devise the following property: * * *
*67 “(c) $2,000.00 of the first mortgage bonds of The Gallipolis Gas & Electric Company, said bonds being secured by mortgage upon both the gas and electric plants.”
At the time of the execution of said will the testatrix owned four first-mortgage bonds of the par value of $2,000, issued by The Gallipolis Gas & Coke Company, which operated a gas and electric' plant in said city, and which were evidently the bonds contemplated in the provision above quoted.
Subsequent to the making of the will the testatrix sold two of said bonds for the sum of $1,016.92. The other two bonds were, in the lifetime of said testatrix, liquidated, the testatrix receiving therefor the sum of $950.
At the time of the death of testatrix she held no bonds in said company.
Counsel for Darien C. Hamilton contends that the bequest under consideration is primarily one of $2,000, and that the bonds referred to merely designate the fund from which the beauest is to be raised.
On the other hand, counsel for the executor contend that the primary bequest is of the said bonds, and that the $2,000 is merely descriptive of the bonds.
If the latter contention prevails, then it would follow that the bequest was specific and that the sale of the bonds by the testatrix would have the effect of adeeming or revoking the legacy.
If the former contention is adopted, the bequest would become a demonstrative one, to be realized first from said bonds, and, in the absence of such bonds, then from other funds of the estate not specifically devised.
*68 The respective contentions have been supported by counsel in able and exhaustive briefs in which all the leading authorities have been cited and reviewed.
In proceeding to a consideration of the construction of the clause above quoted we find that the authorities are practically unanimous that where the terms of a will are ambiguous or doubtful the courts are strongly inclined against a specific legacy and favor a construction which will make the same either general or demonstrative.
The reason for this is apparent when the nature of a specific devise is considered. The property which is made the subject of a specific devise is often disposed of in the lifetime of the testator, and, while the proceeds may remain in the testator’s estate, yet such proceeds cannot, for obvious reasons, be made liable to the specific devise. In many cases, therefore, the specific devise fails by operation of law, when the testator did not actually intend to adeem or revoke the legacy.
This rule of construction is thus stated by Wood, J., in Gilbreath v. Winter’s Exrs., 10 Ohio, on page 69:
“The distinction which marks the specific from the demonstrative legacy is frequently nice and difficult, but it is the oft-repeated language of the books that courts lean against the former, and it is with regret the chancellor declares he finds the intention .of the testator establishes a specific legacy.”
The same rule is thus stated in the case of Kenaday v. Sinnott, 179 U. S., 606:
*69 “Certain familiar rules of construction of wills reiterated: (a) That the intention of the testator must prevail; * * * (c) that the courts in general are averse from construing legacies to be specific.”
Many other authorities are to the same effect. We therefore come to a careful examination of the language employed to determine whether the legacy was clearly intended to be specific.
The case of Rote v. Warner et al., 17 C. C,. 342, is cited. In this case the devise was of $10,000, payable out of certain shares of the capital stock of certain corporations, and this was held to be demonstrative.
The case of Ives v. Canby, 48 Fed. Rep., 718, is very similar to the case at bar and holds the devise to be demonstrative.
.Counsel for the executor insists that the preposition “of” is significant and is consistent only with the theory of a specific bequest of the bonds. While that construction is possible, yet we have no hesitancy in holding that such construction does not clearly follow.
Under what we consider to be the almost unanimous trend of authority we are bound to hold that the provision above quoted creates a. demonstrative legacy in favor of Darien C. Hamilton, and that, in the absence of the bonds referred to, the legatee is entitled to have the same satisfied out of other funds of the estate not specificalfy devised.

Decree accordingly.

Kunkle and Ferneding, JJ., concur.