In the Matter of the Appraisal under the Act in Relation to Taxable Transfers of Property of the Estate of MARY BENSON, Deceased.

Surrogate's Court, Kings County, January, 1923.

Transfer tax — when federal estate tax payable from residuary estate — residuary estate subject to New York state transfer tax although federal estate tax exceeds in amount the value of the residuary estate — administration expenses.

Testator's will was drawn in such form as to make applicable the rule that the federal estate tax and expenses of administration are to be deducted first from the residuary estate. The executors paid the New York state transfer tax upon the residuary estate. They also paid the federal estate tax. They resisted

a subsequent additional federal estate tax and had the same materially reduced. The federal estate tax and the expenses of resisting the additional tax amounted to more than the value of the residuary estate. Executors claim that as there is no residuary estate the New York state transfer tax paid thereon should be refunded. *Held*, that the residuary estate was properly chargeable with the state transfer tax; that the federal estate tax was a charge upon the entire estate and, as testator did not provide for its *pro rata* payment from the several shares into which his estate was divided, it must be assumed that the possibility of the complete exhaustion of the residuary estate was within his contemplation. The application of the executors for a revision of the state transfer tax denied, except as to the sums expended to secure a proper assessment of the federal estate tax which are proper deductions as expenses of administration.

TRANSFER TAX proceeding.

*Cullen & Dykman,* for executor.

*Marcus B. Campbell,* for State Tax Commission.

WINGATE, S. This estate was appraised by the New York state transfer tax appraiser, and the decree, after being twice amended, fixed the tax upon the transfer of the interests of some twenty beneficiaries, including certain legacies and the residuary estate passing to Thryza Benson Flagg.

The 4th clause of the will gave Thryza Benson Flagg such of the contents of decedent's house as the former might select, and, acting upon the assumption that she would take all, the entire tax thereupon was assessed against her. It now appears that the assumption was incorrect, and that she only took part, the rest passing under the 5th clause of the will to the Rector, Church Wardens and Vestrymen of Grace Church, Brooklyn, which was exempt from taxation. The proceedings will be remitted to the appraiser for correction in this particular in accordance with the facts.

The executors paid the New York state transfer tax upon the various legacies, including that of the residuary estate, appraised at $28,835. They also paid the federal estate tax. Subsequently, upon revision, an additional federal estate tax was imposed, but this added assessment was by the efforts of the executor materially reduced. The total amount paid as estate tax and for counsel fees and expenses incurred in the resistance to the increased assessment aggregates approximately $30,000.

The executor, asserting that as the federal estate tax exceeds the amount of the entire residuary estate, there is no residuary estate passing to the residuary legatee, and that, therefore, the New York state transfer tax paid thereon should be refunded, applies for revision.

The New York state transfer tax is a tax upon the transfer or

passing of property to the several legatees under the will (Tax Law, § 243, and cases cited in the annotations to that section in 59 McKinney's Consolidated Laws of New York), and is properly assessable against such legatees, respectively.

The residuary estate was properly chargeable with the state transfer tax assessed upon its transfer.

The federal estate tax is a charge upon the entire estate. *Matter of Hamlin*, 226 N. Y. 407. If the testator drew his will in such form as to make applicable the familiar rule that the federal estate tax and other charges of administration are to be deducted, first from the residuary estate, and that is the form of his will, and did not provide for their *pro rata* payment from the several shares into which the estate by its terms was divided, the possibility of the complete exhaustion of the residue by the payment thereof must be assumed to have been within his contemplation. If the residuary estate is insufficient to pay all of the charges against it, the general legacies must proportionately abate to make up the deficiency.

The federal estate tax not being a proper deduction in the adjustment of the New York state transfer tax (*Matter of Sherman*, 179 App. Div. 497; affd., 222 N. Y. 540), in the marshaling of the estate the transfer tax against the residuary must first be deducted, then the estate tax and any excess thereof over the total of the residuary estate must be charged *pro rata* against the shares otherwise payable to the general legatees. Under the rule of the *Sherman* case, however harsh its application here, this affords no warrant for the modification of the transfer tax assessed against the residue, except as to the legal and other expenses incurred in the adjustment of the estate tax.

The application to remit to the appraiser for further consideration and correction as to the transfer tax assessed upon the interest passing to Thryza Benson Flagg, in so far as it is sought to modify the taxing order by deducting from the value of such interest or from the value of the estate generally the amount of the federal estate tax, is denied, except as to the sums properly expended by the executor in the proceedings to secure proper assessment of such estate tax, and in this respect the application is granted. Such expenditures are expenses of administration and are to be deducted together with other expenses of administration before determining the net transfer.

Ordered accordingly.