INDUSTRIAL TRUST COMPANY *vs.* BERTHA M. TIDD *et al.*

APRIL 25, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEETLAND, C. J.   This is a bill in equity brought by the complainant as executor of the will of Harriet E. Brayton, deceased, late of Central Falls, seeking a construction of certain provisions of said will and for instructions relative thereto.

In the Superior Court, the cause being ready for hearing for final decree has been certified to this court for determination.   The respondents are Bertha M. Tidd and A. Louise Williams, legatees under the tenth and eleventh paragraphs of the will respectively.

The provisions with reference to which construction is sought are contained in said tenth and eleventh paragraphs, which are as follows:

"*Tenth:*   I give and bequeath to my cousin Bertha M. Tidd of Northampton, Massachusetts, if living at my decease, my stock in the Washburn Wire Company of East Providence of the par value of Two Thousand Dollars ($2,000); but if she does not desire to take said stock, I give and bequeath to her the sum of Two Thousand Dollars ($2,000) in money in place of said stock."

"*Eleventh.*   I give and bequeath to my cousin A. Louise Williams, of Northampton, Massachusetts, if living at my decease, my stock in the Washburn Wire Company of East

Providence of the par value of Two Thousand Dollars ($2,000); but, if she does not desire to take said stock, I give and bequeath to her the sum of Two Thousand Dollars ($2,000) in money in place of said stock."

Between the time of the execution of the will and the death of the testatrix the Washburn Wire Company had called for redemption its stock owned by the testatrix and the same had been redeemed, so that at her death the testatrix owned none of the stock of the Washburn Wire Company. In her answer each of the respondents has elected to take $2,000 in money in lieu of the stock bequeathed to her.

The question presented is as to whether each of the legacies in question is specific, and hence adeemed through the act of the testatrix in disposing of the subject of the gift before her death.

The question of whether a bequest of corporate stock was general or specific has been the subject of a number of decisions of this court in cases seeking the construction of wills containing such bequests. Upon somewhat slight differences in the language of the bequest and in the circumstances surrounding the making of the respective wills the court has found some of the bequests under consideration to be general and others to be specific. It is to be noted that the result of each case has been to save the gift to the legatees. In the case of *Pearce* v. *Billings*, 10 R. I. 102, and in *Mahoney* v. *Holt*, 19 R. I. 660, each of the testators in the wills respectively considered in those causes was not at the time of his death possessed of the number of shares of stock which he purported to bequeath by the will. In each case the legacy was held to be a general pecuniary legacy, the amount thereof to be ascertained by reference to the value of the stocks in which they were expressed. In *Martin, Petr.*, 25 R. I. 1, the terms of a bequest of stock did not differ materially from that of the bequest considered in *Pearce* v. *Billings, supra,* and in *Mahoney* v. *Holt, supra,* yet the court held that the legacy was specific and not

liable to contribute *pro rata* with the general pecuniary legacies in the payment of the debts of the testator. In *Gardner v. Viall*, 36 R. I. 436, a bequest in terms not differing from that in *Pearce* v. *Billings, supra,* was held to be specific and not liable to abate by reason of the fact that the assest of the estate were insufficient for the payment of the pecuniary legacies in full. In *Sherman* v. *Riley*, 43 R. I. 202, a bequest of stock in terms similar to that in *Pearce* v. *Billings, supra,* was held to be specific. The testator at the time of his death owned all the stock bequeathed by the legacy. It does not appear from the report what would have been the effect upon the legatee if the legacy had been held to be general rather than specific. The bequest was to a widow in lieu of dower and that fact and also the fact that the bequest of stock was coupled with other gifts clearly specific were given weight in the determination of the question before the court. It should not be held that the decisions of the court upon this question have been arbitrarily made for the purpose of saving the gift to the legatee, although in each case the decision has had that effect. In each case, however, great reliance has been placed upon other provisions and circumstances which the court held to be indicative of an intention on the part of the testator to make the gift general or specific as the court has found in its decision.

In the will before us we find the unmistakable indication of an intention to make a gift to each of these legatees of the value of $2,000. To make that intention more emphatic the testatrix has added the provision that, as to each of the legatees, if she does not wish to take the stock the testatrix makes a bequest to her of $2,000 in money in place of the stock.

Without such alternative provision in the will we are of the opinion that in accord with *Mahoney* v. *Holt, supra,* these gifts should not be regarded as having been adeemed because the testatrix had parted with the stock before her death, but that each is a general pecuniary legacy for $2,000.

If, however, our conclusion as to the nature of the gift of stock had been different, the alternative provision which each legatee has elected to accept constitutes in each case a general pecuniary legacy of $2,000 in favor of the beneficiary.

In answer to the complainant's request for instruction we say that the legacies in question are general and, as the estate of the testatrix is sufficient to pay all legacies in full, the complainant should now pay each legacy out of the general funds of the estate.

On April 30, 1928, the parties may present a form of decree in accordance with this opinion.

*Huddy & Moulton, Stuart H. Tucker,* for complainant.

*Alexander L. Churchill, Clinton C. Clough, Wilson, Churchill & Curtis,* for respondents.