In the Matter of the Estate of GRACE L. STREBEIGH, Deceased.

Surrogate's Court, New York County, May 4, 1938.

*Bouvier & Beale* [*C. S. Huffman, Jr.* of counsel], for the executor.

*Alfred Norick*, for Frank Lawrence, petitioner.

*Carter, Ledyard & Milburn*, for Blanche S. Carnegie.

DELEHANTY, S. Deceased at her death was domiciled at Nassau, Bahama Islands. In her will she provided among other things:

"*Fourth.* I give to my sister, Mrs. Cora L. Bogue, now residing in Saginaw, Michigan, all stocks, bonds and other securities which shall at the time of my death be standing in my individual name,

together with all my personal effects, including, clothing, jewelry, and other articles of personal use except as hereinafter specifically provided by me in this my Last Will and Testament.

" *Tenth*. I give, devise and bequeath to Phelan Beale, my land and the buildings thereon with their contents, called ' Seamark,' in Nassau, Bahama Islands, for the following purposes:—

" It is my desire that the foregoing property or the purchase moneys that may be received from the sale thereof, shall eventually become the property of my step-daughter, Blanche S. Carnegie, by reason of the love and affection I feel for Mrs. Carnegie, and her son, Julian Rapallo Sloan. I realize, however, the desirability of leaving this property in possession and under the control of a person in whom I have the utmost confidence, and who has had business experience which Mrs. Carnegie has not had; and it is therefore my desire that the ownership thereof be immediately vested upon my death in the said Phelan Beale, who was a close friend and counsel of my deceased husband for many years prior to his death. I direct that the said Phelan Beale may sell the said property at such times and on such terms as he in his discretion may deem best, and he shall pay over the proceeds to the said Blanche S. Carnegie if then surviving, or if not, then to her said son Julian, if then surviving. Until the property is sold the said Blanche S. Carnegie shall be permitted to occupy the said premises as if the same were her own and without cost; or should she not so occupy the said premises and the property be rented, she shall receive the net rentals therefrom to be hers absolutely. In the event that the said Phelan Beale should predecease me, or should he die subsequent to the date of my death, but before executing the provisions of this paragraph, I direct that the said property shall then and thereupon become the sole property of the said Blanche S. Carnegie.

" *Twelfth*. All the rest, residue and remainder of the real estate of which I may die possessed or over which I may have the power of appointment, I give and devise to my two step-daughters, Barbara Strebeigh and Blanche S. Carnegie, share and share alike; all the rest, residue and remainder of the personal property of which I may die possessed I give and bequeath to my sister Cora L. Bogue."

Cora L. Bogue predeceased the testatrix. By reason of her death the only next of kin is her brother, the petitioner here. Deceased's wishes in respect of his participation in her estate are stated in the sixth paragraph of the will as follows: " I give to my brother, Frank Lawrence, my gold seal ring and silver traveling clock. I make no other and further provisions for my said brother because I have given liberally to him during my lifetime."

Petitioner has demanded delivery to him by the executor of the contents of a safe which was in the residence of deceased at Nassau at the time of her death. He has demanded also an automobile which was located in the garage adjacent to the house of deceased at Nassau. Construction of the will is necessary in consequence of these demands.

Since deceased was domiciled in a British possession and since the controversy deals with real and personal property physically located in a British possession the law applicable is that declared by the English courts. (*Loftin* v. *Kenan*, 250 App. Div. 546; *Fell* v. *McCready*, 26 id. 390; affd., 263 N. Y. 602.)

In the case of *Matter of Craven* (99 L. T. Rep. 390; affd., 100 id. 284) the will provided that the beneficiary should have " the house and its contents, except pictures." The lower court observed that " the contents of the house are what it usually contains." It decided that everything in the house except title deeds, bonds and securities for money, they being not cash but only evidence of title, passed to the beneficiary of the house. Jewelry was among the things that so passed. An examination of the opinion on appeal showed that only one question was litigated before the appellate court, namely, whether a bequest of pictures included miniatures. As to the rest of the matters " a compromise was come to." The appeal was on these matters accordingly dismissed.

In the case of *Matter of Johnston* (26 Ch. Div. 538) the testatrix set up property in trust using the following language to describe it: " As to all the household furniture, paintings, pictures, books, china, and the whole contents of my said house." Ordinarily the testatrix kept valuable jewelry in her house. At the time of her death the jewelry was with her bankers for safekeeping. The court said (p. 553): " Jewellery is not appropriate to a house in any sense. Jewellery is merely for personal use and for personal ornament, and the gift is a gift of things described by locality only, but I find that the locality to which the goods ought to be ascribed is the house * * *. I think therefore that I shall be only giving effect to the intention of the testatrix, as fairly derived from the words which she has used, by holding, as I do, that this box and the contents pass as part of the contents of the house." The court further held that property ordinarily in a house is " notionally " present there when it is removed for repair or for preservation. The court said that essential point is " the usual locality of the goods in question within the house."

In the case of *Matter of Lea* (104 L. T. Rep. 253) the deceased had made a specific bequest of jewelry and by the codicil she had provided that a beneficiary should obtain " all my furniture, plate,

linen, china, glass, books, pictures, and household effects of every description, and all other the contents of the said dwelling house except any articles that I may have bequeathed * * * to my nephew G. L. Wells." In her house was certain jewelry. Other jewelry was in a bank. It was argued (a) that jewelry could not pass since it consisted of " ornaments of the person," and (b) on the principle of *ejusdem generis* the jewelry would not pass to this beneficiary. The court held otherwise on both counts.

In the case of *Matter of Wavertree* (149 L. T. Rep. 418), where the deceased gave his daughter " such of the furniture and household effects which * * * shall be in or about " either of his two residences, it was held that she might have his motor car.

The question now before this court seems to be decided definitely by the opinion rendered by the Judicial Committee of the Privy Council reversing the Court of Appeal of Ontario in the case of *Joseph* v. *Phillips* (151 L. T. Rep. 51). There the deceased made the following bequest: " 4. I bequeath my personal effects in my room, including pictures, roll top desk and chiffonier complete with their contents to my niece Esther Phillips, wife of Nathan Phillips." The trial court had held that all that could pass thereby would be " things of a personal character such as furniture, clothing, or *jewellery* which could have a local *situs*, and not assets of an intangible nature like choses in action." (Italics supplied.) This decision was reversed by the Court of Appeal of Ontario but was reinstated by the determination of the Privy Council (L. R. [1934] A. C. 348). The Council formulated the problem thus: " the question is whether the bequest on its true construction is only of things which can properly be treated as personal effects, that is to say, physical chattels, having some personal connection with the testator such as articles of personal or domestic use or *ornament*, clothing, furniture," etc. (italics supplied) and not intangibles. It was held that the former was the true import of the dispositive language under consideration. (See to the same effect *Matter of Foster*, 140 Misc. 341.)

The court holds on the authority of the cited English cases that the jewelry in the safe located in the Nassau residence passes pursuant to the tenth paragraph of the will as part of the trust property devoted to the use of Blanche S. Carnegie. The automobile passes under the same provision of the will.

It appearing that Cora L. Bogue predeceased the testatrix without leaving descendants, the legacies designed for her lapsed. What she would have received had she lived passes as intestate property to petitioner as sole distributee of deceased.

A decree may be submitted, on notice, construing the will in accordance with this decision.