D. E. Cuppett, Jr., *Executor*

*v.*

James W. Neilly, *et al.*

(No. 10968)

Submitted September 9, 1958.  Decided November 11, 1958.

846

*Jacob S. Hyer, Lewis S. Moomau,* for appellant.

*H. G. Muntzing,* for appellee.

HAYMOND, PRESIDENT:

In this suit in equity instituted in the Circuit Court of Grant County in April 1957, the plaintiff, D. E. Cuppett, Jr., Executor of Marion H. Judy, deceased, seeks to have the will of the testatrix construed and its legal effect determined with respect to the rights of numerous defendants who are beneficiaries under the will or creditors of the estate and particularly with reference to the rights and claims of the defendants, James W. Neilly and Linda Lee King, an infant. There being no disputed questions of fact presented by the pleadings, the case was heard upon the bill of complaint, the separate answers of the defendants, James W. Neilly, Linda Lee King, an infant, James Paul Geary, her guardian ad litem, J. Blaine Schaffer, Paul Moon, and Grant County Bank, a corporation, the supplemental answer of the defendant James W. Neilly, his separate demurrers to the bill of complaint and the answer of the defendant Paul Moon, the replication of the defendant James W. Neilly to the answer of the defendant Paul Moon, and the replication of the plaintiff to the answer of the defendant James W. Neilly. From a final decree entered December 14, 1957, denying certain claims of the defendant James W. Neilly as a beneficiary under the third, fourth and eighth paragraphs of the will, this Court, upon his application, granted this appeal on March 3, 1958.

Marion H. Judy died September 29, 1956, leaving a holographic will dated October 19, 1953, which was duly admitted to probate in October 1956 in Grant County and contains eight separate paragraphs. The first and second paragraphs bequeath specified amounts of money to several named beneficiaries; the fifth paragraph gives directions for the burial of the testatrix; the sixth paragraph designates the plaintiff as executor; and the seventh paragraph disposes of certain items of clothing of the testatrix. The

meaning and the effect of these paragraphs are not presented or challenged upon this review of the case.

The third, fourth and eighth paragraphs of the will, the meaning and the effect of which are involved in this appeal, contain these provisions:

"Third: I give to Linda Lee King my home 210 Virginia Avenue, with all the furniture and contents including linens and silverware. I give the above with the provision that Linda Lee King does not sell or dispose of any part of said property until after she reaches the age of twenty one years. I desire her to have the rental of said property if she so desires.

"Fourth: I give to James W. Neilly whose present address is 'Sumerhill' Cullybackey Rd. Ballymena, N. Ireland 1-10,000 2-½%-66-71 series Government Bond—100 shares of General Motors Common stock—if there is an Inheritance Tax or Government Tax on this Fourth Bequest I desire it paid out of my estate and not deduct anything from the Bond or General Motors stock—

"Eighth: After the settlement of my estate and everything is paid including marker over grave in Cemetery and all expenses, I desire the balance to be divided equally between Linda Lee King and James W. Neilly."

At the date of the death of the testatrix there were certain articles of jewelry of the appraised value of $50.00 in her home at 210 Virginia Avenue in Petersburg, Grant County, West Virginia, and an automobile of the appraised value of $875.00 in a garage that had been constructed in and made a part of the home. Between October 19, 1953, the date of the will, and September 29, 1956, the date of the death of the testatrix, she had been issued by General Motors Corporation, in addition to the 100 shares of common stock mentioned in the fourth paragraph of the will, 200 shares of such stock by reason of a division or split of stock by the corporation. The testatrix disposed of fifty shares of this stock during her lifetime and at the time of

her death was the owner of the remaining 250 shares of such stock.

By the final decree entered December 14, 1957, the circuit court determined various issues between the parties which are not presented on this appeal and in addition held that under the fourth paragraph of the will the defendant James W. Neilly was entitled to only 100 shares of the common stock of General Motors Corporation instead of the 250 shares of such stock owned by the testatrix at the time of her death and that the defendant James W. Neilly was not entitled to the dividends accruing on the stock of General Motors Corporation or the interest accruing on the $10,000.00 government bond until such stock and bond were transferred to him in the distribution of the estate and that such dividends and interest were assets of the estate; that by the third paragraph of the will the jewelry and the automobile were bequeathed to the defendant Linda Lee King; that all inheritance, estate and income taxes against the estate should be paid from the residuary estate of the decedent; and that none of such taxes should be charged against the property willed to any beneficiary.

The defendant James W. Neilly, who will sometimes be referred to as the defendant, assigns as error in the final decree the foregoing action of the circuit court in construing the third, fourth and eighth paragraphs of the will and in rejecting his contentions as to their meaning and effect in the disposition of the shares of stock, the dividends on the stock and the interest on the bond before their distribution, and the jewelry and the automobile, and in connection with the payment of taxes from the residuary estate of the decedent.

In construing a will the intention must be ascertained from the words used by the testator, considered in the light of the language of the entire will and the circumstances surrounding the testator when he made his will. *Weiss* v. *Soto,* 142 W. Va. 783, 98 S. E. 2d 727; *Young* v. *Lewis,* 138 W. Va. 425, 76 S. E. 2d 276; *Ball* v. *Ball,* 136 W.

Va. 852, 69 S. E. 2d 55; *Wilcox* v. *Mowery*, 125 W. Va. 333, 24 S. E. 2d 922; *Hobbs* v. *Brenneman*, 94 W. Va. 320, 118 S. E. 546; *Couch* v. *Eastham*, 29 W. Va. 784, 3 S. E. 23.

Section 1, Article 3, Chapter 41, Code, 1931, expressly provides that "A will shall be *construed*, with reference to the estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will." (Italics supplied). This section of the statute establishes a rule for the ascertainment of the intention of the testator. *McCauley* v. *Henry*, 143 W. Va. 770, 105 S. E. 2d 129. In 2 Page on Wills, Lifetime Edition, Section 938, the text contains these expressions:

"By the weight of authority it is said that the will speaks as of the death of the testator unless there is something in the will to indicate a contrary intention; but that testator may, by the use of suitable language in the will, show that his will deals with things, persons, and the like as they existed at some time other than his death; and this other time which he intends is usually the time at which the will is executed.

"Whether or not testator intends to refer to things, persons, and the like, as they exist at some time other than his death depends upon his intention as set forth in the will when read as a whole, in the light of the surrounding circumstances, and in accordance with the recognized principles of construction. As a rule, a general description of persons, or of property, shows that testator intends the persons or property as they exist at his death. A specific description of persons or of property so as to distinguish them from other persons or property as they exist when the will is made, usually shows that testator makes his will with reference to the persons, property, and the like, as they exist at the time that the will is made."

As a general rule a will speaks and takes effect as of the time of the death of the testator unless it plainly shows a contrary intention. 95 C. J. S., Wills, Section 629; *Tharp* v. *Tharp*, 131 W. Va. 529, 48 S. E. 2d 793. The language of

the fourth paragraph of the will clearly effectuates a gift of 100 shares of common stock of General Motors Corporation and expresses no intention of the testatrix that such gift should become effective at any time other than immediately before her death as provided by the statute which applies to and governs that bequest. In *McComb* v. *McComb*, 121 W. Va. 53, 200 S. E. 49, this Court said: "The general rule of interpretation that a will speaks as of the time of the testator's death is by our statute (Code, 41-3-1) applicable 'unless a contrary intention shall appear by the will.'" In *Tharp* v. *Tharp*, 131 W. Va. 529, 48 S. E. 2d 793, this Court held in point 2 of the syllabus that a will should be construed as vesting the estate devised or bequeathed at the death of the testator in the absence of language in the will which clearly indicates an intention of the testator to postpone the vesting of such estate until a future event. See also *Dearing* v. *Selvey*, 50 W. Va. 4, 40 S. E. 478, with respect to property acquired after the execution of a will.

The bequests of one $10,000.00 government bond and 100 shares of common stock of General Motors Corporation were general legacies as distinguished from specific legacies. A general legacy is a legacy designated primarily by quantity or amount which may be satisfied out of the general assets of the testator without regard to any particular fund or thing and does not constitute a gift of any particular thing or part of the estate distinguished and set apart from the rest of the property of the testator. It has no reference to the actual state of the property of the testator but rests upon the assumption that he has sufficient property to provide the legatee the amount given him. 20 M. J., Wills, Section 144; 57 Am. Jur. Wills, Section 1402; 96 C. J. S., Wills, Section 1125e; *Capron* v. *Capron*, Supreme Court D. C., 6 Mackey 340; *In re McDougald's Estate*, 149 Fla. 468, 6 So. 2d 274; *Bailes* v. *Halsey*, 179 Ga. 182, 175 S. E. 472; *Evans* v. *Hunter*, 86 Iowa 413, 53 N. W. 277, 17 L. R. A. 308, 41 Am. St. Rep. 503; *Spinney* v. *Eaton*, 111 Me. 1, 87 A. 378, 46 L. R. A., N. S., 535; *Chrisman* v. *Bryrant*, 108 Miss. 311, 66 So. 779; *Savings Investment*

*and Trust Company* v. *Crouch,* 93 N. J. Eq. 311, 116 A. 696, affirmed 118 A. 927; *Johnson* v. *Conover,* 54 N. J. Eq. 333, 35 A. 291; *Tifft* v. *Porter,* 8 N. Y. 516; *In re Morphy's Will,* 70 N. Y. S. 2d 167; *Nash, Exr.* v. *Hamilton,* 8 Ohio App. 66; *Industrial Trust Company* v. *Tidd,* 49 R. I. 188, 141 A. 464; *Boykin* v. *Boykin,* 21 S. C. 513; *Martin, Ex'r.* v. *Osborne,* 85 Tenn. 420, 3 S. W. 647; *In re Blomdahl's Will,* 216 Wis. 590, 257 N. W. 152, 258 N. W. 168; *Meyers* v. *Meyers' Ex'r.,* 88 Va. 131, 13 S. E. 346. A specific legacy is a bequest of a particular, individualized chattel, thing, fund, or portion of the personal estate of the testator which is so described or set apart from the rest of his property as to be capable of being distinguished from all other articles, things, or funds of the same or a similar type or nature. 20 M. J., Wills, Section 144; 57 Am. Jur., Wills, Section 1401; 96 C. J. S., Wills, Section 1125d; *Hobbs* v. *Brenneman,* 94 W. Va. 320, 118 S. E. 546; *Bradford* v. *McConihay,* 15 W. Va. 732; *Tifft* v. *Porter,* 8 N. Y. 516; *Re McFerren's Estate,* 365 Pa. 490, 76 A. 2d 759, 22 A. L. R. 2d 451; *May* v. *Sherrard,* 115 Va. 617, 79 S. E. 1026, Ann. Cas. 1915B, 1131; *Hood* v. *Haden,* 82 Va. 588; *Morriss* v. *Garland,* 78 Va. 215.

A fundamental distinction between a general legacy and a specific legacy is that a general legacy may be satisfied out of the general assets of the estate of the testator without regard to any particular fund or thing but a specific legacy is a gift of a particular specified thing, or of the proceeds of the sale of such thing, or of a specified fund, or of a designated portion of such fund. 57 Am. Jur., Wills, Section 1402. Another distinction is that a general legacy is not subject to ademption but a specific legacy is subject to ademption and is adeemed if the thing bequeathed was not a part of the estate of the testator at the time of his death because it was previously sold, exchanged or converted into some other thing. *Dunn's Ex'rs.* v. *Renick,* 40 W. Va. 349, 22 S. E. 66; *Bond* v. *Evans,* 92 Colo. 1, 17 P. 2d 311; *Lansburgh* v. *Lansburgh,* Court of Appeals, D. C. 37 F. 2d 997; *Douglass* v. *Douglass,* 13 App. D. C. 21; *Spinney* v. *Eaton,* 111 Me. 1, 87 A. 378, 46 L. R. A., N. S., 535; *Bailes* v. *Halsey,* 179 Ga. 182, 175 S. E. 472; *Adams* v. *Conqueror*

*Trust Company,* 358 Mo. 763, 217 S. W. 2d 476, 7 A. L. R. 2d 268; *Chase National Bank* v. *Deichmiller,* 107 N. J. Eq. 379, 152 A. 697; *Johnson* v. *Conover,* 54 N. J. Eq. 333, 35 A. 291; *In re Morphy's Will,* 70 N. Y. S. 2d 167; *Nash, Exr.* v. *Hamilton,* 8 Ohio App. 66; *Re McFerren's Estate,* 365 Pa. 490, 76 A. 2d 759, 22 A. L. R. 2d 451; *Industrial Trust Company* v. *Tidd,* 49 R. I. 188, 141 A. 464; *Martin, Ex'r.* v. *Osborne,* 85 Tenn. 420, 3 S. W. 647; *Hill's Adm'rs.* v. *Hill,* 127 Va. 341, 103 S. E. 605; *May* v. *Sherrard,* 115 Va. 617, 79 S. E. 1026, Ann. Cas. 1915B, 1131; *Morriss* v. *Garland,* 78 Va. 215; *In re Blomdahl's Will,* 216 Wis. 590, 257 N. W. 152, 258 N. W. 168. An additional distinction is that a specific legacy is not, but a general legacy is, subject to abatement if the estate is not sufficient to satisfy both kinds of legacies. *Dunn's Ex'rs.* v. *Renick,* 40 W. Va. 349, 22 S. E. 66; *Lansburgh* v. *Lansburgh,* 59 App., D. C. 201, 37 F. 2d 997; *Capron* v. *Capron,* Supreme Court D. C., 6 Mackey 340; *Evans* v. *Hunter,* 86 Iowa 413, 53 N. W. 277, 17 L. R. A. 308, 41 Am. St. Rep. 503; *Industrial Trust Company* v. *Tidd,* 49 R. I. 188, 141 A. 464; *Martin, Ex'r.* v. *Osborne,* 85 Tenn. 420, 3 S. W. 647; *Meyers* v. *Meyers' Ex'r.,* 88 Va. 131, 13 S. E. 346.

The general rule is that a legacy designated primarily by quantity or amount is prima facie a general legacy and that a bequest of a stated sum of or in the stock of a particular corporation, or of a stated amount of shares of the stock of a particular corporation, or of a stated sum in, or a designated number of, a specified kind of bonds, notes, or other securities, is, in the absence of a contrary intention of the testator, considered as a general or demonstrative legacy rather than a specific legacy. 57 Am. Jur., Wills, Section 1411; 4 Page on Wills, Lifetime Edition, Section 1397; *Bond* v. *Evans,* 92 Colo. 1, 17 P. 2d 311; *Griffith* v. *Adams,* 106 Conn. 19, 137 A. 20; *Lansburgh* v. *Lansburgh,* 59 App., D. C. 201, 37 F. 2d 997; *Capron* v. *Capron,* Supreme Court D. C., 6 Mackey 340; *Evans* v. *Hunter,* 86 Iowa 413, 53 N. W. 277, 17 L. R. A. 308, 41 Am. St. Rep. 503; *Slade* v. *Talbot,* 182 Mass. 256, 65 N. E. 374, 94 Am. St. Rep. 653; *Spinney* v. *Eaton,* 111 Me. 1, 87 A. 378, 46 L. R. A., N. S., 535; *Palmer* v. *Palmer's Estate,* 106 Me. 25, 75 A. 130,

19 Ann. Cas. 1184; *Gilmer* v. *Gilmer,* 151 Miss. 33, 117 So. 830; *Tifft* v. *Porter,* 8 N. Y. 516; *Hood* v. *Garrett,* 53 Ohio App. 464, 5 N. E. 2d 937; *In re Snyder's Estate,* 217 Pa. 71, 66 A. 157, 11 L. R. A., N. S., 49, 118 Am. St. Rep. 900, 10 Ann. Cas. 488; *In re Blomdahl's Will,* 216 Wis. 590, 257 N. W. 152, 258 N. W. 168. Generally a mere bequest, without more, of a specified number of shares of stock of a particular corporation is to be regarded as a general or demonstrative bequest rather than a specific bequest. *Adams* v. *Conqueror Trust Company,* 358 Mo. 763, 217 S. W. 2d 476, 7 A. L. R. 2d 268.

A legacy is presumed to be general rather than specific unless it clearly appears from the will that it is specific. 96 C. J. S., Wills, Section 1128; 57 Am. Jur., Wills, Section 1406; *Griffith* v. *Adams,* 106 Conn. 19, 137 A. 20; *In re McDougald's Estate,* 149 Fla. 468, 6 So. 2d 274; *Bailes* v. *Halsey,* 179 Ga. 182, 175 S. E. 472; *Maxim* v. *Maxim,* 129 Me. 349, 152 A. 268; *Spinney* v. *Eaton,* 111 Me. 1, 87 A. 378, 46 L. R. A., N. S., 535; *Smith* v. *Smith,* 192 N. C. 687, 135 S. E. 855; *In re Low's Estate,* 103 N. J. Eq. 435, 143 A. 222; *Re McFerren's Estate,* 365 Pa. 490, 76 A. 2d 759, 22 A. L. R. 2d 451; *Re Estate of Annie M. Wilson,* 260 Pa. 407, 103 A. 880, 6 A. L. R. 1349; *Blackstone* v. *Blackstone,* 3 Watts 335, 27 Am. Dec. 359. Courts favor general or demonstrative legacies rather than specific legacies. 20 M. J., Wills, Section 144; 96 C. J. S., Wills, Section 1127; *Bradford* v. *McConihay,* 15 W. Va. 732; *Maxim* v. *Maxim,* 129 Me. 349, 152 A. 268, 73 A. L. R., 244; *In re Calnane's Estate,* (Mo. App.), 28 S. W. 2d 420; *Tifft* v. *Porter,* 8 N. Y. 516. In case of doubt as to the intention of the testator, it will be presumed that he intended to create a general legacy instead of a specific legacy. 4 Page on Wills, Lifetime Edition, Section 1392; *Griffith* v. *Adams,* 106 Conn. 19, 137 A. 20; *In re McDougald's Estate,* 149 Fla. 468, 6 So. 2d 274; *Smith* v. *Smith,* 192 N. C. 687, 135 S. E. 855.

In 57 Am. Jur., Wills, Section 1402, the text contains these statements: "The commonest examples of a general legacy are the ordinary pecuniary bequests of specified

sums of money and annuities of a stipulated weekly, monthly, or yearly sum, but a bequest of securities by quantity, such as a gift of a given number of shares of a designated corporation, or even a bequest of an indefinite chattel, such as a gift of 'a' or 'one' horse, is, in the absence of any further indication of the testator's intention, usually regarded as general." That the testator at the time he made his will owned a sufficient amount of the stocks or the bonds designated to satisfy a bequest of such designated stocks or bonds has been held by some courts to be insufficient to render the legacy specific even though the amount of the stock or the bond is the exact amount bequeathed. 57 Am. Jur., Wills, Section 1411; 4 Page on Wills, Lifetime Edition, Section 1397; *Evans* v. *Hunter*, 86 Iowa 413, 53 N. W. 277, 17 L. R. A. 308, 41 Am. St. Rep. 503; *Savings Investment and Trust Company* v. *Crouch*, 93 N. J. Eq. 311, 116 A. 696, affirmed 118 A. 927; *In re Blomdahl's Will*, 216 Wis. 590, 257 N. W. 152, 258 N. W. 168. There is authority, however, in support of the view that where the amount or the number of the securities bequeathed corresponds exactly with the amount or the number owned by the testator when he made the will the bequests should be construed as specific. *Adams* v. *Conqueror Trust Company*, 358 Mo. 763, 217 S. W. 2d 476, 7 A. L. R. 2d 268; *Trustees of Unitarian Society* v. *Tufts*, 151 Mass. 76, 23 N. E. 1006, 7 L. R. A. 390.

Inasmuch as Section 1, Article 3, Chapter 41, Code, 1931, requires that a will shall be construed, with reference to the estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will, inasmuch as the bequests of 100 shares of common stock of General Motors Corporation and one $10,000.00 government bond are general rather than specific legacies, and inasmuch as no intention that they should be considered as specific legacies appears from the language of the will, the defendant James W. Neilly is entitled, under the fourth paragraph of the will, to only 100 shares of the common stock of General Motors Corporation of the

250 shares of such stock owned by the testatrix at the time of her death and to one $10,000.00 government bond.

The defendant cites and relies upon the decision of the Supreme Court of Pennsylvania in *Re McFerren's Estate*, 365 Pa. 490, 76 A. 2d 759, 22 A. L. R. 2d 451, to support his contention that he is entitled to the 250 shares of common stock of General Motors Corporation owned by the testatrix at the time of her death resulting from the prior division or split of the 100 shares of such stock instead of only the 100 shares mentioned in the fourth paragraph of the will. In the will under consideration in the *McFerren* case the testatrix, who owned 100 shares of stock of the par value of twenty five dollars each in a certain company when the will was executed, bequeathed fifty shares of such stock to each of two legatees. Before her death the 100 shares of stock owned by her when the will was executed were converted into 250 shares of the par value of ten dollars each. The Supreme Court of Pennsylvania held that the legacies of the stock were general legacies and were not adeemed by the change in the additional number of shares of stock which were equivalent in value to the original shares and also held, in reversing the lower court, that the testatrix clearly intended to bequeath to each legatee, by a general legacy, an equal one-half of the shares of stock owned by her at the time of the execution of the will and that the legatees were entitled to the additional shares issued before her death. In holding that the bequests of the original fifty shares of stock were general legacies the *McFerren* case is in accord with the weight of authority; but in holding that by general legacies the legatees were entitled to the additional shares issued before the death of the testatrix that case is not supported by the weight of authority and this Court does not agree with that conclusion. Inasmuch, however, as the Supreme Court of Pennsylvania reached the conclusion, as indicated by the language in its opinion that "What the testatrix manifestly intended to bequeath to each legatee was 50 shares of the common stock of the corporation which she *then* owned.", and gave effect to that intention of the

testatrix, the *McFerren* case may be regarded as distinguishable from the holding of this Court with respect to the 100 shares of common stock of General Motors Corporation mentioned in the fourth paragraph of the will of Marion H. Judy.

The contention of the defendant that he is entitled to the dividends accruing on the 100 shares of stock and the interest accruing on the government bond from the date of the death of the testatrix is not well founded. The bequests of the shares of stock and the bond, being general rather than specific legacies, the dividends on the stock and the interest on the bond which have accrued since the date of the death of the testatrix, are general assets of her estate and the defendant James W. Neilly is not entitled, under the fourth paragraph of the will, to such dividends or such interest until the 100 shares of stock and the $10,000.00 bond, to which he is entitled, are transferred to him in the distribution of the estate. A specific legacy of shares of stock carries with it the dividends which accrue from the date of the death of the testator, but a demonstrative legacy, which is given generally with the designation of a particular fund as the source or means of its payment, does not carry interest from the date of the death of the testator until the estate is administered or until the property so bequeathed is transferred to the legatee. *In re McDougald's Estate*, 149 Fla. 468, 6 So. 2d 274; *In re Calnane's Estate* (Mo. App.), 28 S. W. 2d 420; *In re Low's Estate*, 103 N. J. Eq. 315, 143 A. 222; *In re Security Trust Company of Rochester*, 221 N. Y. 213, 116 N. E. 1006. A general legacy of shares of stock does not carry with it any dividends accruing between the death of the testatrix and the time such legacy is payable and a general legacy of a bond likewise does not carry any interest accruing during the same period of time, but all such income becomes a part of the residuary estate. 96 C. J. S., Wills, Section 1101; 57 Am. Jur., Wills, Sections 1615, 1616; *In re McDougald's Estate*, 149 Fla. 468, 6 So. 2d 274; *Smith* v. *Smith*, 192 N. C. 687, 135 S. E. 855; *Savings Investment*

*and Trust Company* v. *Crouch,* 93 N. J. Eq. 311, 116 A. 696, affirmed 118 A. 927; *In re Falconer's Estate,* 138 N. Y. S. 2d 666; *In re Schuetz's Will,* 107 N. Y. S. 2d 153; *In re Dreyfus' Estate,* 192 Misc. 509, 82 N. Y. S. 2d 548; *In re Lozier's Will,* 191 Misc. 263, 75 N. Y. S. 2d 62; *In re Eastman's Estate,* 171 Misc. 902, 14 N. Y. S. 2d 69; *In re Jones' Estate,* 314 Pa. 93, 171 A. 265. Whether the transfer of the stock and the bond to the legatee has been or will be unduly delayed by the executor beyond the period of one year from the time of his qualification, contrary to the provisions of Section 24, Article 2, Chapter 44, Code, 1931, so as to render him personally liable for the dividends and the interest subsequently accruing was not raised in or decided by the circuit court and will not be considered or determined on this appeal.

Under the third paragraph of the will Linda Lee King is entitled to the jewelry and the automobile which were covered by the provision which gave her the contents of the home of the testatrix. The built-in garage, which contained the automobile, is a part of the home. The words "home" and "contents" in that provision of the will are general and comprehensive in their scope and effect and they are not restricted to or limited by the succeeding words "linens and silverware." The word "contents," being of comprehensive meaning, must be given its full import unless some distinct ground for regarding it as used in a restricted sense can be derived from the context and a consideration of a will as a whole. *Old Colony Trust Company* v. *Hale,* 302 Mass. 68, 18 N. E. 2d 432, 120 A. L. R. 1207.

The rule of construction, known as *ejusdem generis,* relied on by the defendant, does not apply to or limit the general word "contents" which is followed by the specific words "linens and silverware." With respect to the construction of written instruments, the rule designated *ejusdem generis* is that when general words follow an enumeration of persons or things by words

of a particular and specific meaning the general words are not to be construed in their widest extent but are to be held as applying to persons or things of the same kind or class as those specificially mentioned. Black's Law Dictionary, 4th edition, 608; Black's Interpretation of Laws 141; 82 C. J. S., Statutes, Section 332b; *Bischoff* v. *Francesa,* 133 W. Va. 474, 56 S. E. 2d 865; *Jones* v. *Island Creek Coal Company,* 79 W. Va. 532, 91 S. E. 391; *Gauley Coal Land Company* v. *Koontz,* 77 W. Va. 583, 87 S. E. 930; *Darnell* v. *Wilmoth,* 69 W. Va. 704, 72 S. E. 1023; *Goldsmith* v. *United States,* 2nd Cir. 42 F. 2d 133; *Aleksich* v. *Industrial Accident Fund,* 116 Mont. 127, 151 P. 2d 1016; and the rule does not necessarily require that the general provision be limited in its scope to the identical things specifically named or apply when the context manifests a contrary intention. Black's Law Dictionary, 4th edition, page 608.

Instead of general words following words of a particular or specific meaning in the foregoing provision of the third paragraph of the will relating to the home and its contents the general word "contents" is followed, not preceded, by the particular and specific words "linens and silverware". As ordinarily the rule applies only when general words follow words of a particular and specific meaning there is no basis for the application of the rule to that provision of the third paragraph of the will. See *Gauley Coal Land Company* v. *Koontz,* 77 W. Va. 583, 87 S. E. 930; *Hurt* v. *Oak Downs,* Texas Court Civil Appeals, 85 S. W. 2d 294; *State* v. *New Hampshire Gas and Electric Company,* 86 N. H. 16, 163 A. 724. In *People* v. *Gravenhorst,* N. Y. City Court of Special Sessions, 32 N. Y. S. 2d 760, discussing the *ejusdem generis* rule, the court said: "In applying the rule of ejusdem generis, care must be taken to see that the words supposed to be particular or specific, and which precede the general term or terms really are an enumeration of individual things; for if the preceding terms are general, as well as that which follows, there is no place for this rule to apply. It is further to be remarked that this principle

applies only where the specific words preceding the general expression are all of the same nature. Where they are of different genera, the meaning of the general words remains unaffected by its connection with them. Black on Interpretation of Laws, Section 71, page 218." The rule just mentioned does not apply to the provision of the third paragraph of the will relating to the home and its contents for the additional reason that the jewelry in the house and the automobile in the garage which were among the contents of the home are not of the same nature as the linens and the silverware. It is clear from the language of this provision of the will that the testatrix by enumerating linens and silverware intended merely to designate and include them expressly as part of the contents of the home but, in so doing, did not intend to limit or restrict the contents of the home to linens or silverware or other articles of the same kind or nature.

As previously indicated the word "home", when used in a deed, will or other instrument, has a comprehensive meaning and has been held to have a much broader significance than the word "house", as a home includes not only the dwelling house but the entire residence estate and all appurtenances customarily enjoyed by the owner during his lifetime which tend to make a home a convenient and agreeable place of abode. 57 Am. Jur., Wills, Section 1356; *Jones* v. *Holloway*, 183 Md. 40, 36 A. 2d 551, 152 A. L. R. 933; *Chase National Bank* v. *Deichmiller*, 107 N. J. Eq. 379, 152 A. 697. According to the great weight of authority a devise of a home includes not only the dwelling house of the testator but the entire parcel of real estate which constitutes the residence estate. *Lewis* v. *Adkins*, 122 Ind. App. 618, 105 N. E. 2d 183. In that case the court held that a devise by a testatrix of her home and residence included the entire parcel of land which constituted the residence estate and a garage which stood on such parcel. In *Gilbert* v. *McCreary*, 87 W. Va. 56, 104 S. E. 273, 12 A. L. R. 1172, this Court held that the devise of a house and lot known

as 114 Tenth Street included whatever reasonably and necessarily belonged to the house as a place of residence, the ground on which it stood, and such additional ground as had been defined as belonging to it by the use of such ground in connection with the house. In *Cowan* v. *Cowan*, 90 N. H. 198, 6 A. 2d 179, involving the gift of a life estate in the house of the testator and its "contents of all kinds", the court held that the word "house" included the land and the buildings comprising the homestead and that a bequest of the "contents of all kinds" of the house included an automobile and tools in a stable located on the homestead. *In re Hulse's Estate*, N. Y. Surrogate Court, 190 Misc. 6, 72 N. Y. S. 2d 724, which involved a bequest of the contents of the home of the testator, the court said that a home is something more than a house in which its owner lives and that it includes surrounding grounds, and such buildings as garages, store houses, and other structures used in connection with the occupancy of the property and many other things according to the wealth and the fancy of its owner, and held that the bequest of the contents of the home included the personal property in the residence and in a building used as a garage in connection with the property. In *McLane* v. *Chancery*, 211 Ark. 280, 200 S. W. 2d 782, the court held that an automobile in a garage used in connection with the home of the testator was included in a gift of the home and all personal property in the home of the testator. In *Lansburgh* v. *Lansburgh*, 59 App., D. C. 201, 37 F. 2d 997, a devise to the housekeeper of a testator of his home and all its contents was held to include jewelry and household furniture in the home at the time of the death of the testator. In *In re Strebeigh's Estate*, N. Y. Surrogate Court, 167 Misc. 656, 4 N. Y. S. 2d 402, the court held that a testamentary gift of designated land and the buildings on it and their "contents" included the contents of a safe in the residence on the property and an automobile in a garage adjacent to the house. In *In re Charles' Estate*, 3 A. D. 2d 119, 158 N. Y. S. 2d 469, the New York Supreme Court, Appellate Division, Second

Department said that the legacy of the contents of a house includes whatever might be in it at the time of the death of the testatrix and that such contents pass to the legatee under her will.

The foregoing authorities sustain the conclusion that in a testamentary gift of "my home * * *, with all the furniture and contents including linens and silverware.", the word "contents" applies to and includes articles of jewelry in the home and an automobile in a garage which constituted a part of the home and that the defendant Linda Lee King, under the third paragraph of the will, is entitled to the jewelry in the home of the testatrix and the automobile in the garage which was a part of the home, at the time of the death of the testatrix.

By Section 2002, 26 U. S. C. A. (Internal Revenue Code), the federal estate tax is required to be paid by the executor of the estate. The statute makes the executor primarily liable for the payment of the tax but the collector may proceed against any transferee or assert a lien against the estate. *Fetting* v. *Flanigan,* 185 Md. 499, 45 A. 2d 355, 174 A. L. R. 301. The federal estate tax is a tax on the right to transmit property by will or under intestacy laws and is gauged by the value of the whole estate, less deductions authorized by federal statute. *Kanawha Banking and Trust Company* v. *Alderson,* 129 W. Va. 510, 40 S. E. 2d 881; *Central Trust Company* v. *James;* 120 W. Va. 611, 199 S. E. 881. It is a tax on the right to transfer property but not on the right to receive property. *Wilmington Trust Company* v. *Copeland,* 33 Del. Ch. 399, 94 A. 2d 703. The federal estate tax is a charge against the estate of the decedent and is payable out of the estate as a whole. *In re Poe's Estate,* 356 Mo. 276, 201 S. W. 2d 441; *Rogan* v. *Taylor,* 136 F. 2d 598. It is imposed upon the transfer of the entire net estate of the decedent and not upon any particular legacy, devise or distributive share, and is payable primarily by the executor of the estate before distribution. *Bankers Trust Company* v. *Hess,* 2 N. J. Super. 308, 63 A. 2d 712. In *Morristown*

*Trust Company* v. *Childs,* 128 N. J. Eq. 524, 17 A. 2d 559, the court said that the federal estate tax is ordinarily payable out of the residuary estate. The federal estate tax is not payable by legatees, or out of the legacies as such, but is payable out of the corpus of the estate and is a tax upon the entire estate and not upon the particular devise, bequest or distributive share of individual beneficiaries. When the federal estate tax statute does not specifically provide from what property or assets of the estate the estate tax shall be paid the question as to where the burden of the tax ultimately rests is governed by local law. 28 Am. Jur., Inheritance, Estate, and Gift Taxes, Section 279; Annotation 1, 37 A. L. R. 2d 170; *Riggs* v. *Del Drago,* 317 U. S. 95, 63 S. Ct. 109, 87 L. ed. 106, 142 A. L. R. 1131; *In re Poe's Estate,* 356 Mo. 276, 201 S. W. 2d 441; *Amoskeag Trust Company* v. *Trustees of Dartmouth College,* 89 N. H. 471, 200 A. 786, 117 A. L. R. 1186; *Case* v. *Roebling,* 42 N. J. Super. 545, 127 A. 2d 409; *Rogan* v. *Taylor,* 9th. Cir., 136 F. 2d 598. There is, however, no statute of this State which deals with that question or determines which property or assets of the estate of a decedent shall bear the ultimate burden of the federal estate tax.

Though under the rule adopted and applied by the courts in some jurisdictions the burden of the federal estate tax is apportioned among devisees and legatees in accordance with the respective interests of the estate to which they are entitled as beneficiaries, unless a will or a statute provides otherwise, Annotation 2(a), 37 A. L. R. 2d 171; *Wilmington Trust Company* v. *Copeland,* 33 Del. Ch. 399, 94 A. 2d 703; *In re Fuchs' Estate* (Fla.), 60 So. 2d 536; *Trimble* v. *Hatcher's Ex'rs.,* 295 Ky. 178, 173 S. W. 2d 985, certiorari denied, 321 U. S. 747, 64 S. Ct. 611, 88 L. ed. 1049; *In re Gallagher's Will,* 57 N. M. 112, 255 P. 2d 317, 37 A. L. R. 2d 149; *In re Mellon's Estate,* 347 Pa. 520, 32 A. 2d 749, the general rule supported by the weight of authority is that, in the absence of a state statute or a testamentary direction to the contrary, the ultimate burden of an estate tax falls on the residuary

estate if the residuary estate is sufficient for the payment of the tax. Y. M. C. A. v. *Davis,* 264 U. S. 47, 44 S. Ct. 291, 68 L. ed. 558; *Ericson* v. *Childs,* 124 Conn. 66, 198 A. 176, 115 A. L. R. 907; *Hepburn* v. *Winthrop,* 65 App. D. C. 309, 83 F. 2d 566, 105 A. L. R. 310; *Central Trust Company* v. *Burrow,* 144 Kan. 79, 58 P. 2d 469; *Plunkett* v. *Old Colony Trust Company,* 233 Mass. 471, 124 N. E. 265, 7 A. L. R. 696; *Taylor* v. *Jones,* 242 Mass. 210, 136 N. E. 382, certiorari denied, 260 U. S. 742, 43 S. Ct. 99, 67 L. ed. 491; *Amoskeag Trust Company* v. *Trustees of Dartmouth College,* 89 N. H. 471, 200 A. 786, 117 A. L. R. 1186; *Morristown Trust Company* v. *Childs,* 128 N. J. Eq. 524, 17 A. 2d 559; *Re Hamlin,* 226 N. Y. 407, 124 N. E. 4, 7 A. L. R. 701, certiorari denied, 250 U. S. 672, 40 S. Ct. 14, 63 L. ed. 1200; *Gaither* v. *United States Trust Company of New York,* 230 S. C. 568, 97 S. E. 2d 24; 28 Am. Jur., Inheritance, Estate, and Gift Taxes, Section 279. As the federal estate tax must in any event be paid, the rule supported by the weight of authority that the ultimate burden of the federal estate tax rests on the residuary estate is subject to the exception that when the tax exceeds the residuary estate or when there is no residuary estate to be charged resort must be had to state law to determine whether devises or legacies shall be subject to abatement and if so the relative order and extent of such abatement. See *Riggs* v. *Del Drago,* 317 U. S. 95, 63 S. Ct. 109, 87 L. ed. 106, 142 A. L. R. 1131; *Bigoness* v. *Anderson,* D. C., 106 F. Supp. 986; *Bankers Trust Company* v. *Hess,* 2 N. J. Super. 308, 63 A. 2d 712; *In re Benson's Estate,* 120 Misc. 136, 198 N. Y. S. 663; Annotation 5, 37 A. L. R. 2d 180.

Under the rule supported by the weight of authority any federal estate tax for which the estate of the decedent is liable is payable out of the residuary estate of the decedent mentioned in the eighth paragraph of the will and not out of any particular legacy or devise contained in the will, unless such residuary estate is not sufficient for the payment of such tax or unless the testatrix has clearly provided otherwise by testamentary direction to the executor.

Section 1, Article 11, Chapter 11, Code, 1931, as amended, imposes a tax, payable into the treasury of this State, upon the transfer, in trust, or otherwise, of any property or interest in property, real, personal or mixed, when such transfer is by will or by laws of this State regulating descent and distribution from any person who is a resident of this State at the time of his death and who shall die seized or possessed of property; and also designates other classes of transfers of property which are subject to such tax. Section 9 of the same article and chapter makes the tax a charge and a lien upon the property transferred and Section 12 provides that every executor, administrator, trustee, guardian, committee, or other fiduciary, having charge of an estate, any part of which is subject to the tax, and every person to whom property is transferred which is subject to the tax, but is not in charge of any such fiduciary, shall pay the tax upon the market value of all property subject to the tax, whether there are or are not devises or bequests of successive interests in the same property, and whether such successive interests, if any, are defeasible or indefeasible, or are absolute or contingent; and that payment of the tax shall be made out of the estate in the same manner as other debts may be paid. Section 15 requires the state tax commissioner to ascertain and assess the amount of the tax and Section 19 requires the person liable for such tax to pay it to the state tax commissioner. The transfer tax imposed by the statute of this State is an inheritance tax on the right to receive property and, though both the fiduciary in charge of the estate and the transferee of the property are liable for the payment of the tax, in the absence of a testamentary direction to the contrary, the ultimate burden of the tax rests upon the property transferred to the beneficiary. There is a clear and fundamental distinction between the federal estate tax and the transfer or inheritance tax imposed by the statute of this State. The federal estate tax is a tax on the right to transmit property and the West Virginia transfer tax is a tax on the right to receive property. *Kanawha Banking and Trust Company* v. *Alderson,* 129 W. Va. 510, 40

S. E. 2d 881; *Central Trust Company* v. *James*, 120 W. Va. 611, 199 S. E. 881; *Central Trust Company* v. *State Tax Commissioner* 116 W. Va. 37, 178 S. E. 520. In *Central Trust Company* v. *State Tax Commissioner*, 116 W. Va. 37, 178 S. E. 520, this Court characterized this transfer or inheritance tax as "an excise upon the right or privilege of acquiring property by inheritance or succession from deceased persons or by transfers made by living persons in contemplation of death, \* \* \*." An inheritance tax is not an expense of administration or a charge upon the general estate of the decedent; it is a tax upon the right of succession imposed upon the several amounts of the estate to which the successors are respectively entitled; and it is a charge against each share or interest according to its value and against the person entitled to such share or interest, in the absence of a specific provision to the contrary in the will. 28 Am. Jur., Inheritance, Estate, and Gift Taxes, Section 278; *People* v. *Union Trust Company*, 255 Ill. 168, 99 N. E. 377, L. R. A. 1915D, 450, Ann. Cas. 1913D, 514, writ of error dismissed, 234 U. S. 748, 34 S. Ct. 673, 58 L ed. 1575; *In re Johnson's Estate*, 220 Iowa 424, 262 N. W. 811; *Amoskeag Trust Company* v. *Trustees of Dartmouth College*, 89 N. H. 471, 200 A. 786, 117 A. L. R. 1186; *Kingsbury* v. *Bazeley*, 75 N. H. 13, 70 A. 916, 139 Am. St. Rep. 664, 20 Ann. Cas. 1355; *In re Bush's Estate*, 124 Misc. 674, 209 N. Y. S. 776; *In re Uber's Estate*, 330 Pa. 417, 199 A. 356, 116 A. L. R. 851.

It is well settled that a testator may specify which property or class of property shall bear the burden of the taxes for which his estate is liable and may direct that the residuary estate or other funds be used for the payment of estate or inheritance taxes, but such direction must be clearly expressed in the will. 28 Am. Jur., Inheritance, Estate, and Gift Taxes, Section 280; 85 C. J. S., Taxation, Section 1168; Annotation 1, 37 A. L. R. 2d 170; *In re Johnson's Estate*, 220 Iowa 424, 262 N. W. 811; *Buffington* v. *Mason*, 327 Mass. 195, 97 N. E. 2d 538, 37 A. L. R. 2d 1; *Kingsbury* v. *Bazeley*, 75 N. H. 13, 70 A. 916, 139 Am. St. Rep. 664, 20 Ann. Cas. 1355; *Gaither* v. *United*

*States Trust Company of New York,* 230 S. C. 568, 97 S. E. 2d 24. If there is no residuary estate, a provision for the payment of taxes out of the residuary estate becomes inapplicable and each devise or legacy bears its own tax. 28 Am. Jur., Inheritance, Estate, and Gift Taxes, Section 280.

The provision in the fourth paragraph of the will to the effect that any inheritance tax or government tax on the bequests of the bond and the stock should be paid out of the estate and that nothing should be deducted from the bond or the stock is in effect a clear and specific direction to the executor to pay out of the residuary estate all taxes against such bequests and for that reason the defendant James W. Neilly is entitled to the 100 shares of stock and the $10,000.00 bond free and exempt from the payment of any of the designated taxes. When a legacy is expressly given tax-free, the tax is payable out of the residuary estate as the only other fund available for that purpose. *In re Uber's Estate,* 330 Pa. 417, 199 A. 356, 116 A. L. R. 851; 28 Am. Jur., Inheritance, Estate, and Gift Taxes, Section 280.

The provision in the eighth paragraph of the will that after the settlement of the estate and everything has been paid including the marker in the cemetery and all expenses, the balance of the estate should be divided equally between Linda Lee King and James W. Neilly, unlike the provision in the fourth paragraph of the will, does not mention taxes and does not clearly indicate that the testatrix intended that any devises or bequests in the will, other than the bequests mentioned in the fourth paragraph, should be exempt from the payment of the federal estate tax or of the inheritance tax imposed by the statute of this State and does not have the effect of requiring the payment of those taxes by the executor in any manner other than that required by law for the payment of the federal estate tax and for the payment of the inheritance tax imposed by the statute of this State.

Inasmuch as it does not appear from the record that the residuary estate mentioned in the will is not sufficient to satisfy fully any federal estate tax that may be assessed against the estate, that tax and the inheritance tax against the bequests in the fourth paragraph are payable out of the residuary estate, but the inheritance taxes against the other devises and bequests mentioned in the will are respectively payable out of those devises and bequests.

The final decree of the Circuit Court of Grant County is affirmed, except insofar as it requires payment of the inheritance taxes against all the devises and bequests mentioned in the will, other than the tax-free bequests mentioned in the fourth paragraph, out of the residuary estate, but to that extent that decree is reversed and set aside; and this case is remanded to that court with directions that such further proceedings be had as may be necessary to satisfy the requirements for the payment of the inheritance taxes to which the devises and bequests in the will may be subject in accordance with the principles enunciated in this opinion and the rules and principles governing courts of equity.

*Affirmed in part;*
*reversed in part; and*
*remanded with directions.*